## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) | RUSS GODFREY, and | ) |
| 2) | NATALIE GODFREY, | ) |
| | | ) |
| | Plaintiffs, | ) |
| | | ) |
| v. | | ) |
| | | ) |
| 1) | CSAA FIRE & CASUALTY | ) |
| | INSURANCE COMPANY, and | ) |
| 2) | AUTOMOBILE CLUB OF | ) |
| | OKLAHOMA d/b/a AAA OKLAHOMA, | |
| | | ) |
| | Defendants. | ) |

Case No.: CIV-19-329-G
*(formerly Oklahoma County District Court Case No. CJ-2018-7124)*

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1442 and 1446, the Defendant, CSAA Fire & Casualty Insurance Company ("CSAA"), hereby removes the state court action, *Russ Godfrey and Natalie Godfrey v. CSAA Fire and Casualty Insurance Company, et al.*, Case No. CJ-2018-7124, from the District Court of Oklahoma County, state of Oklahoma, to this Court. Pursuant to LCVR 81.2(a), a copy of the State docket sheet is attached hereto as **EXHIBIT 1**. All document(s) filed or served in the state court action are attached hereto as **EXHIBITS 2-9**.

The basis of this removal is that the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, and that – due to the fraudulent joinder of a non-diverse defendant – complete diversity exists between all underlying proper parties.  In further support, CSAA submits the following.

1. Plaintiffs are citizens of the State of Oklahoma.  (*See* Petition, ¶2, **EXHIBIT 2**.)

2.      CSAA is a corporation organized under the laws of the state of Indiana. CSAA's principal place of business is located in California.    (*See* NAIC Company Demographics for CSAA Fire & Casualty Insurance Company, **EXHIBIT 10**.)   CSAA was not and is not a citizen of the State of Oklahoma.

3.      At the time of filing of Plaintiffs' Petition, Plaintiffs were not citizens of the State of Indiana or the State of California (*See* Petition, **EXHIBIT 2**.)

4.      According to Plaintiffs' Petition, the Defendant, Automobile Club of Oklahoma ("AAA Oklahoma"), is an Oklahoma corporation domiciled in the State of Oklahoma.

5.      Although Plaintiffs  made repeated reference in their Petition to the Plaintiffs' insurance agent – Casey McCoy ("McCoy") – McCoy is not named as a defendant in this lawsuit.  Removal jurisdiction is dependent on the status of AAA Oklahoma and the basis of Plaintiffs' claim against AAA Oklahoma.

6.      CSAA submits that AAA Oklahoma was fraudulently joined for the purpose of attempting to defeat federal diversity jurisdiction.  This proposition will be discussed in greater detail below.

7.      Plaintiffs are suing CSAA for bad faith in connection with CSAA's allegedly inadequate handling and adjustment of Plaintiffs' property claim on or about February 22, 2018.[1]

---

[1]Plaintiffs' Petition is unclear as to whether Plaintiffs are also asserting a claim for breach of contract, and the Petition is also vague with respect to the nature and extent of the alleged loss in question.

8.      Plaintiffs assert as a result of CSAA's alleged bad faith, they are seeking damages in excess of the amount required for diversity of jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.  (Petition, **EXHIBIT 2**.)  In addition, Plaintiffs allege, "CSAA recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiffs to recover punitive damages." (Petition, **EXHIBIT 2**.)

9.      Plaintiffs filed the present case in the District Court of Oklahoma County, State of Oklahoma, on December 27, 2018.  Pursuant to 36 O.S. § 621, service of process against CSAA was allegedly accomplished through the Oklahoma Insurance Commissioner on March 29, 2019.  (*See* Summons, received by the Oklahoma Department of Insurance's Legal Division on March 29, 2019, **EXHIBIT 11**.)

10.     This Notice of Removal is timely filed with this Court, pursuant to 28 U.S.C. § 1446(b), because this Notice was filed within 30 days of service upon CSAA.

11.     At the time of this removal, no motions are pending.

12.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on counsel for Plaintiff, and copy of this Notice of Removal will be filed with the Clerk of the District Court of Oklahoma County, State of Oklahoma.  Pursuant to LCVR 81.2, copies of all documents filed or served in the state court action, as well as a copy of the docket sheet in the state court action, are filed contemporaneously herewith and adopted herein by reference.

13.     Although § 1446 has generally been interpreted to mean that all defendants in multi-defendant cases must join in the petition for removal or consent to such actions, there are exceptions to this rule.  *See McCurtain Cnty. Prod. Corp. v. Cowett*, 482 F. Supp. 809, 812 (E.D. Okla. 1978). "An improperly joined party is not required to join in the removal petition." *Id.* at 813; *See also Sycamore Family LLC v. Earthgrains Bakery Companies, Inc.*, No. 2:13-CV-00639-DN, 2013 WL 588 3868, at *2 & n. 21 (D. Utah Nov. 1, 2013) (collecting cases).

14.     With regard to the issue of improper or fraudulent joinder, CSAA submits the following Arguments and Authorities.

<u>**S**TANDARD OF **R**EVIEW</u>

Any Defendant who has been fraudulently joined must be ignored for diversity purposes.  *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).  Despite the nomenclature, fraudulent joinder "does not reflect on the integrity of the plaintiff or counsel, but exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan.  2006).  The reason for this doctrine is that a plaintiff who joins a non-diverse defendant with the sole purpose of defeating removal is acting unfairly toward the non-diverse defendant, who should not be a party, and to the diverse defendant, whose statutory right is unjustly prohibited.  *Wilson v. Republic Iron & Steel*, 257 U.S. 92 (1921).

As the removing party, a defendant bears the burden of establishing that jurisdiction is proper.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Assuming that the requisite amount in controversy can be satisfied, a removing defendant does not have to show that the plaintiff committed outright "fraud" in pleading the jurisdictional facts.  Rather, the removing defendant can simply show that there is no real possibility of recovery against the non-diverse defendant.  *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 & n. 3 (5th Cir. 1992).

In *Slover v. The Equitable Variable Life Insurance Co.*, 443 F. Supp. 2d 1272 (N.D. Okla. 2006),  the court discussed the protocol for situations in which a defendant believes that non-diverse co-defendants have been improperly joined:

> Because Defendants have alleged fraudulent joinder, the Court may pierce the pleadings. *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1113 (D.Colo. 2000). Thus, the Court may consider certain underlying facts--such as the insurance policy at issue here--to determine whether the non-diverse parties are proper. *Smoot v. Chi., Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir.1967) ("[U]pon specific allegations of fraudulent joiner the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.") (Internal citations omitted). The standard, however, is stringent, and the Court must resolve any ambiguities in Plaintiffs' favor.  *Martin*, 251 F.3d at 1289-90 ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)).

*Id.* at 1276.  The Northern District of Oklahoma went on to say:

> "If outright fraud in the pleading of jurisdictional facts cannot be proven, ***the question becomes more closely akin to that of whether the plaintiff has properly stated a claim upon which***

> ***relief may be granted*** under FED.R.CIV.P. 12(b)(6).   *See*
> *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F.Supp.
> 1399, 1404 (D.Colo. 1989); *Fine v. Braniff Airways, Inc.*, 302
> F.Supp. 496, 497 (W.D. Okla. 1969).

*Id.* at 1278 -1279 (emphasis added).  The *Slover* court concluded by making the succinct but

meaningful observation that "if the plaintiff clearly cannot maintain a state law claim against

the non-diverse defendant . . . such defendant shall be considered fraudulently joined." *Id*.

at 1279.

## SUMMARY OF ARGUMENT

In the present case, CSAA submits that the precise issue here is whether Plaintiffs

have stated, and may properly state, a valid cause of action against a "soliciting agent" in

connection with the issuance of an insurance policy. Here, Plaintiffs contend the AAA agent

misrepresented to them that they must be members of AAA before they can purchase

insurance through AAA from CSAA.  This issue has been addressed in Oklahoma, in the

negative; in short, there is no valid, independent cause of action by an insured against his

insurance agent based on the issuance of the policy.

Further, it is important to point out that Plaintiffs became members of AAA in 2004,

five years before they purchased their homeowner's coverage from AAA.  If this matter is

briefed further, CSAA will further demonstrate to this Court that Plaintiffs actually saved

more money in discounts on their CSAA insurance premiums than they would have saved

in membership dues by not being members of AAA.  Said differently, Plaintiffs paid less for

their AAA membership than they saved in discounts for purchasing insurance from CSAA.

In addition, Plaintiffs utilized their AAA membership many times over the years, saving them hundreds of dollars.

Accordingly, Plaintiffs' contention that they became members of AAA in order to purchase insurance from CSAA is inaccurate and erroneous.

<u>ARGUMENTS AND AUTHORITY</u>

**PROPOSITION I:  PLAINTIFFS FAIL TO STATE A VALID CAUSE OF ACTION AGAINST AAA OKLAHOMA.**

Plaintiffs' allege in Count II of their Petition that AAA Oklahoma acted as CSAA's soliciting agent in connection with the procurement of Plaintiffs' homeowner's insurance policy with CSAA.  Plaintiffs never attempt to establish the relationship between AAA Oklahoma and the agent, McCoy.  Simply stated, Plaintiffs do not allege that AAA Oklahoma acted as McCoy's principal or employer, or that another legal relationship existed between AAA Oklahoma and McCoy.  Instead, Plaintiffs contend McCoy made misrepresentations to Plaintiffs – *e.g.*, "Mr. McCoy indicated that the Plaintiffs had to be a member of AAA because this was insurance coverage that was only made available to AAA Auto Club members." (Petition, p. 4, **EXHIBIT 2**.)  Plaintiffs do not explain in their Petition exactly how McCoy "indicated" this information.  Further, Plaintiffs have not explained in their Petition how or why this alleged misrepresentation by the non-party McCoy should be imputed to AAA Oklahoma.

In fact, Plaintiffs do not allege any independent liability on the part of AAA Oklahoma, at all.  In other words, Plaintiffs allege that the agent, McCoy, misrepresented and concealed important facts from Plaintiffs regarding their AAA membership, but Plaintiffs

7

did not name McCoy as a Defendant.  Instead, Plaintiffs named AAA Oklahoma as a Defendant, but Plaintiffs have not alleged any wrongdoing on the part of AAA Oklahoma.

If necessary, subsequent briefing on this issue will reveal that AAA Oklahoma never had any verbal communications with Plaintiffs, and Plaintiffs do not suggest otherwise in their Petition.

**PROPOSITION II:**        **PLAINTIFFS FAIL TO STATE A VALID CAUSE OF ACTION AGAINST AAA OKLAHOMA.**

As stated above, Plaintiffs appear to assert claims of misrepresentation and concealment against the "soliciting agent," McCoy, but McCoy is not named as a Defendant. Plaintiffs do not indicate the relationship between McCoy and AAA Oklahoma, and Plaintiffs do not allege any independent or vicarious liability on the part of AAA Oklahoma. Assuming, *arguendo*, Plaintiffs did intend to allege that their claims against McCoy should be imputed to the named Defendant, AAA Oklahoma, Oklahoma's appellate courts and this Court have rejected allegations similar to those asserted against McCoy – and thus, AAA Oklahoma.  For example, this Court in *Smith v. Allstate Vehicle & Property Insurance Co.*, No. CIV-14-0018-HE, 2014 WL 1382488 (W.D. Okla. April 8, 2014), held the defendant insurer's removal was appropriate despite almost identical allegations against the agent.  In that case, this Court concluded "none of these allegations suffice to state a valid claim against Defendant Muse [the agent]," regardless of whether couched in terms of negligent procurement or negligent misrepresentation.  In *Smith*, the plaintiffs made several serious-sounding allegations, such as:

- The insurance they requested "was not procured as promised and plaintiffs suffered a loss."

- The agent represented that the replacement cost policy they purchased would "serve to replace their home and personal property without any deduction for depreciation, knowing that was not true."

- The agent "failed to advise them that they had to partially pay to replace property before they could actually recover the replacement cost benefits."

- The agent procured a policy that "did not serve to return their home and personal property to its pre-loss condition" and "did not accurately reflect the replacement cost of plaintiffs' dwelling."

- The agent "had a duty to accurately inform plaintiffs of all coverages, benefits, limitations, risks and exclusions."

- The agent "had a duty to monitor and review the policy procured for plaintiffs to ensure it provided appropriate and adequate coverage."

*Id.*

In the present case, Plaintiffs have attempted to make similar allegations. The *Smith* plaintiffs alleged that the insurance procured did "not accurately reflect the replacement" of the subject property. In the present case, Plaintiffs allege the agent made a comparable misrepresentation. This Court rejected the *Smith* plaintiffs' allegations stating Oklahoma courts "have explicitly refused to impose a duty upon an insurer to provide an adequate amount of coverage when the insured did not request a specific amount of coverage." *Id*. at *2 (*quoting Cosper,* 309 P.2d at 149). This Court further concluded that, "because plaintiffs acknowledge that coverage was obtained and do not allege that the amount of coverage was not what they had requested, their attempt to hold Muse accountable under Oklahoma law for misconduct in conjunction with the procurement of their policy fails." *Id.*

9

This Court went on to observe as follows:

> ***Courts routinely reject insureds' attempts to hold their insurance agent or insurance company liable for failing to explain the terms of coverage.*** [Citations omitted] . . .Although an agent may be held accountable for failing to answer an insured's coverage questions accurately, he or she generally is ***not obligated to explain the policy terms to the insured***. Rather, ***under Oklahoma law "[i]t is the duty of the insured to read and know the contents of the policy before he accepts it, and where he fails or neglects to do so he is estopped from denying knowledge of its terms and conditions,*** unless he alleges and proves that he was induced not to read the policy by trick or fraud of the other party." *National Fire Ins. Co. Of Hartford v. McCoy*, 239 P.2d 428, 430 (Okla.1951) (internal quotations omitted).

*Id.* It follows that the same allegations in the present case also fail to establish a valid claim against either the agent McCoy or AAA Oklahoma for misrepresentation and concealment of material information.

**B.      Plaintiffs cannot maintain a "Constructive Fraud" or "Negligent Misrepresentation" claim against AAA.**

Plaintiffs' Petition alleges "misrepresentation" and "concealment" by the "soliciting agent," McCoy.  Plaintiffs ask the named Defendants in this lawsuit to assume that AAA is somehow responsible for McCoy's alleged misrepresentation and concealment.[2]   In Oklahoma, fraud is either actual or constructive. 15 O.S. § 57.  Although constructive fraud need not involve intent to deceive and may be based on a negligent or innocent misrepresentation, it requires a breach of some legal or equitable duty.   15 O.S. § 59; *Faulkenberry v. Kansas City Southern Ry. Co.*, 602 P.2d 203, 206 (Okla. 1976); *Accord*

---

[2]AAA vehemently denies McCoy misrepresented or concealed anything.

*Riley Hill Gen. Contr. v. Tandy Corp.*, 737 P.2d 595, 604 (Or. 1987); *Tatum v. Mid-Century Ins. Co.*, 730 S.W.2d 41, 43 (Tex.App.1987).  To maintain a valid claim for constructive fraud or negligent misrepresentation, the plaintiff must demonstrate:

> (1) that the defendant made a material representation; (2) that the representation was false; (3) that the representation was known to be false when it was made, or that it was made recklessly, as a positive assertion, without knowing whether it was true or false; (4) that the representation was made with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that plaintiff thereby suffered injury.

*Swickey*, 979 P.2d at 269-70 (citing, *Porter v. Rott*, 243 P.160, 163 (Okla. 1926); *Wingate v. Render*, 160 P. 614, syllabus (Okla. 1916).  "The absence of any element is fatal." *Id.* (citing *Cooper v. Gibson*, 170 P. 220, 220 (Okla. 1917)).

In *Mueggenborg v. Ellis*, 2002 OK CIV APP 88, 55 P.3d 452, the Oklahoma Court of Civil Appeals explained that under Oklahoma law, there is no obligation of an agent to advise an insured with regard to an insured's needs.  *Id.* at 453.  The *Cosper* court elaborated on its prior holding stating:

> Constructive fraud requires a breach of either a legal or equitable duty. Okla. Stat. tit. 15 § 59 defines constructive fraud as a breach of a duty which allows one to gain advantage by misleading another.  Since Defendants did not owe Plaintiffs a duty in negligence or for misrepresentation, their claim for constructive fraud also fails.

*Cosper*, 309 P.3d at 149.  Appropriately, this Court came to a similar conclusion in *Smith* stating:

> Plaintiffs do not assert they specifically asked Muse about the policy's payment terms or that he affirmatively misrepresented

what they had to do to obtain replacement cost benefits. Based on the facts pleaded in the petition and the further factual matters plaintiffs assert they could prove, the court concludes that Muse did not breach a duty owed to plaintiffs when he did not explain the benefits payment process to them.

*Smith*, 2014 WL 1382488, at *3.[3]

Even to the extent Plaintiffs try to claim that McCoy (and thus AAA) lied to them about their AAA membership, Plaintiffs still have no legal cause of action for fraud or negligent misrepresentation.  More than a century ago, the Oklahoma Supreme Court in *Liverpool & L&G Inc. Co. v. TM Richardson Lumber Co.*, 69 P. 936 (Okla. 1902) held:

> [An insured] who accepts a policy the provisions of which are plain, clear, and free from all ambiguity, is chargeable with knowledge of its terms and legal effect.  It is the duty of the assured to read and know the contents of the policy before he accepts it, and where he fails or neglects to do so he is estopped from denying knowledge of its terms and conditions, unless he alleges and proves that he was induced not to read the policy by some trick or fraud of the other party.

*Id.* at Syllabus of the Court.  Further, regardless of what Plaintiffs claim McCoy, a non-party here, told them, a written contract supersedes all oral negotiations.  *Id.*; *Slover*, 443

---

[3] Similarly, in *Slover*, Judge Payne evaluated whether certain resident insurance agents had been improperly joined to defeat diversity.  In rendering his decision, Judge Payne first recognized that, with regard to claims of negligent misrepresentation by an agent, "oral discussions in pre-contract negotiations <u>are merged into, and superceded by, the terms of an executed writing</u>." *Id*. at 1281 (emphasis added).  Judge Payne also pointed out that an insured cannot turn a blind eye to the terms of an insurance policy because, in Oklahoma, insureds have a duty to examine, read, and know the contents of the policy before accepting and paying the premium therefore.  *Id*. at 1283.  The court stated that, having failed or neglected to do so, insureds are estopped from denying knowledge of the terms or conditions of the policy. *Id*. (*citing Liverpool and L&G Ins. Co. v. T.M. Richardson Lumber Co.*, 69 P. 936, 937 (Okla. 1902)).

F.Supp.2d at 1283. Therefore, Plaintiffs cannot rely upon oral discussions when a contract has been executed that provides coverage as Plaintiffs requested.

Simply put, Plaintiffs' claim for constructive fraud and negligent misrepresentation must fail as a matter of law.  First, McCoy did not have a duty to explain the relevant insurance policy to Plaintiffs. *Liverpool,* 69 P. 936 at Syllabus of the Court.  Second, as in *Smith,* Plaintiffs' Petition lacks any allegations that they specifically asked AAA about the policy's payment terms.  As such, Plaintiffs failed to state a valid "constructive fraud" or "negligent misrepresentation" claim against McCoy. *See Smith*, 2014 WL 1382488, at *3.

**CONCLUSION**

This Court should find that fraudulent joinder has been established due to the Plaintiffs' inability to articulate a cause of action against the non-diverse Defendant, AAA Oklahoma, and/or the non-named "soliciting agent," McCoy. *See also, Neill v. State Farm, et al.*, No. CIV-13-627-D, WL 223455 (W.D. Okla. Jan. 21, 2014); *Hyman v. Travelers, et al.*, No. CIV-13-820-D, 2014 WL 111942 (W.D. Okla. Jan. 10, 2014).  The present case is no different.  Plaintiffs have not stated a valid claim against AAA Oklahoma; in fact, Plaintiffs appear to have focused their claim on McCoy, but Plaintiffs did not identify McCoy as a defendant in the Petition.  Plaintiffs never attempted to explain the relationship between McCoy and AAA Oklahoma, or why AAA Oklahoma should be responsible for McCoy's alleged misrepresentation and concealment.  As such, the Defendant, AAA Oklahoma, has been improperly joined and can be disregarded for purposes of diversity jurisdiction.

Accordingly, for the foregoing reasons, CSAA respectfully requests this Court to assume full jurisdiction over this case and dismiss AAA Oklahoma.

Respectfully submitted,

s/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
ROBERSON, KOLKER, COOPER & GOERES, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:       jerry@rkcglaw.com
ATTORNEYS FOR DEFENDANT,
CSAA FIRE & CASUALTY
  INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire
MANSELL ENGEL & COLE

I hereby certify that on April 11, 2019, I served the same document by U.S. Mail to the following, who are not registered participants in the ECF system:

Mr. Rick Warren
Oklahoma County Court Clerk
409 County Office Building
320 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102

s/ Gerard F. Pignato
For the Firm