# EXHIBIT 2



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 27 2018

RICK WARREN
COURT CLERK

| | |
|---|---|
| RUSS GODFREY and NATALIE GODFREY,<br><br>Plaintiffs,<br><br>v.<br><br>CSAA FIRE & CASUALTY INSURANCE COMPANY; AND AUTOMOBILE CLUB OF OKLAHOMA dba AAA OKLAHOMA;<br><br>Defendants. | Case No:   CJ-2018-7124<br><br>JURY TRIAL DEMANDED |

## PETITION

1. At all times material hereto Plaintiffs, Russ Godfrey and Natalie Godfrey were insured under a CSAA Fire & Casualty Insurance Company, ("CSAA") Policy No. HO3 - 000328693.

2. Russ Godfrey and Natalie Godfrey are residents and citizens of Edmond, Oklahoma County, State of Oklahoma.

3. On or about February 22, 2018, the subject insured home in Edmond, Oklahoma County, OK, was damaged by a covered cause of loss while insured by CSAA.

4. CSAA is licensed in the State of Oklahoma as a property and casualty insurer. CSAA markets its products through the Automobile Club of Oklahoma ("AAA Oklahoma"), and CSAA agent, Casey McCoy.

5. The Automobile Club Of Oklahoma is an Oklahoma Corporation domiciled in the State of Oklahoma.

### COUNT I

**This Count I is against only the Defendant CSAA**

6. Plaintiffs promptly submitted a claim for this loss to Defendant CSAA and, made the premises available for inspection by Defendant's adjusters, cooperated in the limited

investigation that CSAA performed and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

7. CSAA was required by the Policy to pay Plaintiff's claim and failed and refused to pay the proper amounts due under the policy for the covered damage to Plaintiffs' home. CSAA breached the implied covenant of good faith and fair dealing in the insurance contract, as a matter of standard business practice, in the following respects:

    a. failing and refusing payment and other policy benefits for the covered damage to Plaintiffs' home at a time when Defendants knew that it was entitled to those benefits;

    b. failing to properly investigate Plaintiffs' claim and to obtain additional information both in connection with the original refusal and following the receipt of additional information after reinspection of the home at request of Plaintiffs' representatives;

    c. refusing to honor Plaintiffs' claim in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

    d. refusing to honor Plaintiffs' claim in some instances by applying restrictions not contained in the policy;

    e. refusing to honor Plaintiffs' claim in some instances by knowingly misconstruing and misapplying provisions of the policy;

    f. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claim arising under these policies, to include Plaintiffs' claim;

    g. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim once liability had become reasonably clear;

    h. failing to properly evaluate any investigation that was performed;

    i. refusing to consider the reasonable expectations of the insured;

    j. failing and refusing to properly investigate and consider the insurance coverage promised to their insured;

    k. forcing the insured to hire an attorney for enforce proper payment of property claims;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to CSAA.

10. As a direct result of the above described wrongful acts and omissions, Plaintiffs have suffered loss of policy benefits and other financial and consequential damages.

11. CSAA's recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiffs to recover punitive damages.

12. Defendant's acts and omissions were with reckless disregard for the rights of others, were done intentionally and with malice, and/or engaged in conduct life threatening to humans, and therefore Plaintiffs are entitled to recover punitive damages.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, CSAA Fire and Casualty Insurance Company for their damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as the Court deems just and equitable. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

## COUNT II

Plaintiffs incorporate all previous allegations and further alleges and states:

13. The soliciting agents, Automobile Club of Oklahoma, dba AAA Oklahoma, and agent Casey McCoy, were at all times material hereto authorized soliciting agents of the Defendants, CSAA and AAA, for the involved homeowner's insurance policy and AAA automobile membership.

14. The factual detail and particular who, what, when, and where, associated with this cause of action is set forth in this paragraph with as much specificity as is currently known to the

Plaintiffs. The agent, Casey McCoy in connection with the original solicitation of this homeowner's insurance coverage with CSAA indicated that this was AAA insurance. Mr. McCoy indicated that the Plaintiffs had to be a member of AAA because this was insurance coverage that was only made available to AAA Auto Club members. The Plaintiffs always kept the club membership with AAA in force because of the representations that they needed to be a member in order to have this homeowner's insurance coverage. Due to the representation of the soliciting agent the Plaintiffs paid the membership dues since they were required to maintain the AAA membership in order to have this membership homeowner's policy. At the time of the original solicitation of this homeowner's coverage and in all subsequent renewals of the same, the Defendant wholly concealed the fact that membership to AAA was not mandatory.

15. These representations are false. CSAA acknowledges that said automobile membership requirements are not necessary for the issuance of CSAA insurance coverage. On best information and belief. This false representation is utilized as a routine organizational practice in order to market AAA club memberships and to claim there are special group membership benefits of choosing and having the CSAA homeowner's policy.

16. The described representations by CSAA agents were material and false and made at a time when Defendants knew they were false, or made as a positive assertion recklessly, without any knowledge of the truth.

17. The described representations were made with the intention that Plaintiffs should act upon them in purchasing insurance and the AAA membership and the Plaintiffs did rely upon them to his detriment.

18. The described representations were words or conduct which created an untrue or misleading impression of the actual past or present facts in the mind of the Plaintiffs.

19. The described omissions and non-disclosure involved concealing and failing to disclose facts which Defendants had a duty to disclose. Such facts were material and were concealed or failed to be disclosed with intent of creating a false impression of the actual facts in the mind of the Plaintiffs.

20. The described false representations, concealment and deceit induced the Plaintiffs to purchase this policy and membership and Plaintiffs, acting in reliance thereon, suffered loss.

21. As a direct result of the described false representations, concealment, and deceit, Plaintiffs suffered loss of the policy coverage promised to them, loss of extra monthly payments, emotional distress, frustration and duress and other consequential damages.

22. Defendants' acts and omissions were with reckless disregard for the rights of others, and/or were done intentionally and with malice, and therefore Plaintiffs are entitled to recover punitive damages.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, CSAA Fire and Casualty Insurance Company, and Automobile Club Of Oklahoma for their damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as the Court deems just and equitable.

MANSELL ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
M. Adam Engel, OBA #32384
204 North Robinson, 21st Floor
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
Firm E-mail: mec@meclaw.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**