# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSS GODFREY, and NATALIE GODFREY,<br><br>  Plaintiffs,<br><br>v.<br><br>CSAA FIRE & CASUALTY INSURANCE COMPANY, a foreign corporation,<br><br>  Defendant. | Case No: 5:19-cv-329 G<br><br><br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

1. At all times material hereto Plaintiffs, Russ Godfrey and Natalie Godfrey were insured under a CSAA Fire & Casualty Insurance Company, ("CSAA") Policy No. HO3 - 000328693.

2. Russ Godfrey and Natalie Godfrey are residents and citizens of Edmond, Oklahoma County, State of Oklahoma.

3. On or about February 22, 2018, the subject insured home in Edmond, Oklahoma County, OK, was damaged by a covered cause of loss while insured by CSAA.

4. Defendant, CSAA Fire & Casualty Insurance Company, is a corporation, a foreign insurance company incorporated and domiciled in the State of California and maintains its principal place of business in a state other than in Oklahoma.

5. Venue is correct in the Western District and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

## COUNT I

6. Plaintiffs promptly submitted a claim for this loss to Defendant CSAA and, made the premises available for inspection by Defendant's adjusters, cooperated in the limited investigation that CSAA performed and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

7. CSAA was required by the Policy to pay Plaintiff's claim and failed and refused to pay the proper amounts due under the policy for the covered damage to Plaintiffs' home.  CSAA breached the implied covenant of good faith and fair dealing in the insurance contract, as a matter of standard business practice, in the following respects:

   a. failing and refusing payment and other policy benefits for the covered damage to Plaintiffs' home at a time when Defendants knew that it was entitled to those benefits;

   b. failing to properly investigate Plaintiffs' claim and to obtain additional information both in connection with the original refusal and following the receipt of additional information after reinspection of the home at request of Plaintiffs' representatives;

   c. refusing to honor Plaintiffs' claim in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   d. refusing to honor Plaintiffs' claim in some instances by applying restrictions not contained in the policy;

e. refusing to honor Plaintiffs' claim in some instances by knowingly misconstruing and misapplying provisions of the policy;

f. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claim arising under these policies, to include Plaintiffs' claim;

g. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim once liability had become reasonably clear;

h. failing to properly evaluate any investigation that was performed;

i. refusing to consider the reasonable expectations of the insured;

j. failing and refusing to properly investigate and consider the insurance coverage promised to their insured;

k. forcing the insured to hire an attorney to enforce proper payment of property claims;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to CSAA.

10. As a direct result of the above described wrongful acts and omissions, Plaintiffs have suffered loss of policy benefits, emotional frustration and distress, and other financial and consequential damages.

11. Defendant's acts and omissions were with reckless disregard for the rights of others or were done intentionally and with malice, and therefore Plaintiffs are entitled to recover punitive damages.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, CSAA Fire and Casualty Insurance Company for their damages, both compensatory damages and punitive damages, with interest and costs of this action, for a

reasonable attorney fee, and for such other relief as the Court deems just and equitable. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

**MANSELL ENGEL & COLE**

By: s/Mark A. Engel
    Steven S. Mansell, OBA #10584
    Mark A. Engel, OBA #10796
    Kenneth G. Cole, OBA #11792
    M. Adam Engel, OBA #32384
    204 North Robinson Avenue, 21st Floor
    Oklahoma City, OK 73102-7001
    T: (405) 232-4100 ** F: (405) 232-4140
    Firm E-mail: mec@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Gerard F. Pignato (jerry@rkcglaw.com)
Joshua K. Hefner (joshua@rkcglaw.com)

**ATTORNEYS FOR DEFENDANT –
CSAA FIRE AND CASUALTY INSURANCE**

                                                       s/Mark A. Engel