## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSS GODFREY, and NATALIE GODFREY,<br><br>                      Plaintiffs,<br><br>v.<br><br>CSAA FIRE & CASUALTY INSURANCE COMPANY,<br><br>                      Defendant. | Case No: 5:19-cv-329 JD |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

**MANSELL ENGEL & COLE**

s/ Keith F. Givens
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Keith F. Givens, OBA #16501
204 North Robinson Avenue, 21st Floor
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
E-mail:  kgivens@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Gerard F. Pignato (jerry@ryanwhaley.com)
Matthew C. Kane (mkane@ryanwhaley.com)
Joshua K. Hefner (jhefner@ryanwhaley.com)
Susan F. Kane (susanfkane@gmail.com)

**ATTORNEYS FOR DEFENDANT,
CSAA FIRE AND CASUALTY INSURANCE**


s/Keith F. Givens

## __INDEX__

INSTRUCTION NUMBER:

1.     Issues in the Case

2.     Burden of Proof – Greater Weight of the Evidence

3.     Burden to Prove Policy Exclusions

4.     Determining Credibility [Believability] of Witness

5.     Expert Witness

6.     Insurance Company's Obligation of Good Faith and Fair Dealing

7.     Non-Delegable Duty

8.     Insurer's Duty Of Good Faith And Fair Dealing Based On The Facts At The Time Of The Claim

9.     Bad Faith- First Party Insurance- Failure To Pay Claim Of Insured

10.    Bad Faith – Damages

11.    Exemplary or Punitive Damages – Bad Faith – First Stage

12.    Exemplary or Punitive Damages – Bad Faith – Second Stage

       Verdict Form – For Plaintiffs – Actual/Punitive Damages
       Verdict Form – for Plaintiffs – Punitive Damages

## INSTRUCTION NO. 1

## ISSUES IN THE CASE

The parties to this lawsuit are Plaintiffs, Russ Godfrey and Natalie Godfrey, and their homeowner's insurance company, Defendant, CSAA Fire & Casualty Insurance Company.  The parties agree that Mr. and Mrs. Godfrey's homeowner's policy was in force at the time of a covered snow and ice storm in February of 2018.

Following a snowstorm on February 22, 2018, Mr. and Mrs. Godfrey experienced leaking in their home over a family room and adjoining hallway.  They called CSAA and a roofer who discovered that there was a large block of ice established on the flat section of roof over the areas that were leaking.  The adjuster assigned by CSAA to inspect the property advised Mr. and Mrs. Godfrey that the roof edge was pulled away from the weight of ice and snow, and that the melting and refreezing of the snow and ice each day was causing the leaks inside their home. Their insurance company, the Defendant CSAA, refused coverage for the needed roof replacement stating that the adjuster had determined that the damage to the roof was only normal wear and tear. Mr. and Mrs. Godfrey knew that this claim denial was improper because they had talked directly to the adjuster. However, the insurance company persisted in its refusal to pay for the replacement of this roof section, again, directly claiming that the insurance adjuster had reported that the cause of loss was excluded normal wear and tear. Mr. and Mrs. Godfrey had to replace their storm damaged roof without any payment from CSAA. Mr. and Mrs. Godfrey bring breach of contract and bad faith claims to hold their insurance company accountable for its improper conduct in the denial of their claim. Mr. and Mrs. Godfrey assert that CSAA's actions were

intentional in claiming facts that they knew were not true for the denial of this claim and that CSAA should be responsible for any damages resulting from this improper conduct. Plaintiffs also seek an award of punitive damages, if allowed by the Court, in order to deter such conduct and denials in the future.

These are the issues you are to determine.

**AUTHORITY**:        OUJI – CIV (3d) 2.1

## INSTRUCTION NO. 2

## <u>BURDEN OF PROOF - GREATER WEIGHT OF THE EVIDENCE</u>

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you.  This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense.  In deciding whether a party has met the burden of proof, you are able to take into account all the evidence, whether offered by that party or any other party.

**AUTHORITY**:       OUJI – CIV (3d) 3.1

## INSTRUCTION NO. 3

## <u>POLICY EXCLUSIONS – BURDEN OF PROOF</u>

You are instructed that the Defendant, CSAA, has the burden to prove any exclusion in the policy that it asserts as a defense.  In this case, CSAA denied paying for damage that it contends was caused by wear and tear.  Therefore, it is CSAA's burden to prove wear and tear caused the damage.

**AUTHORITY:** *Pittman v. Blue Cross and Blue Shield of Oklahoma,* 217 F.3d 1291, 2198 (10th Cir. 2000)

## INSTRUCTION NO. 4

### DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS

You are the sole judges of the believability of each witness and the value to be given the testimony of each.   You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation.   Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

**AUTHORITY**:      OUJI – CIV (3d) 3.13

**INSTRUCTION NO. 5**

**EXPERT WITNESS**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas.  Such witnesses are known in law as expert witnesses.  You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine.  You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise.  The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

**AUTHORITY**:        OUJI – CIV (3d) 3.21

**INSTRUCTION NO. 6**

**INSURANCE COMPANY'S OBLIGATION OF**
**<u>GOOD FAITH AND FAIR DEALING</u>**

An insurance company has a duty to deal fairly and act in good faith with its insureds.

**AUTHORITY**:      OUJI – CIV (3d) 22.1

## INSTRUCTION NO. 7

## <u>NON-DELEGABLE DUTY</u>

Defendant's duty to deal fairly and act in good faith with Plaintiffs is non-delegable under Oklahoma law. Therefore, Defendant is liable for the acts and omissions of its agents, engineers, or representatives who participated in the handling of the Plaintiffs' claim regardless of whether they are independent contractors.

**AUTHORITY**:    *Trinity Baptist Church v. Brotherhood Mut. Ins. Services, LLC*, 2014 OK 106, ¶¶ 29-31, 341 P.3d 75; *Wathor v. Mutual Assur. Admin., Inc.*, 2004 OK 2, ¶¶ 6-7, 87 P.3d 559, 561-62; *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, 2000 OK 55, ¶ 9 n. 5, 11 P.3d 162, 167 n. 5; *Timmons v. Royal Globe Ins. Co.*,1982 OK 97, 653 P.2d 907, 914; *Crews v. Shelter General Insurance Co.*, 393 F.Supp.2d 1170, 1178 (W.D. Okla. 2005).

**INSTRUCTION NO. 8**

**INSURER'S DUTY OF GOOD FAITH AND FAIR DEALING**
**<u>BASED ON THE FACTS KNOWN AT THE TIME OF THE CLAIM</u>**

You are instructed that the knowledge and belief of the insurer during the time period the claim is being reviewed is the focus of a bad-faith claim.  Defendant may not rely upon a defense that was not communicated to Plaintiffs as a reason for delay or denial of the claim at that time.

**AUTHORITY:**     *Buzzard v. Farmers Ins. Co.*, 1991 OK 127, 824 P.2d 1105, 1109, 1110; *Buzzard v. McDanel*, 1987 OK 28, 736 P.2d 157, 159); *Newport v. USAA*, 200 OK 59, 11 P.3d 190, 195; *Skaling v. Aetna Ins. Co.*, 799 A.2d 997, 1010 (R.I. 2002)

## INSTRUCTION NO. 9

## BAD FAITH - FIRST PARTY INSURANCE –
## <u>FAILURE TO PAY CLAIM OF INSURED</u>

Plaintiffs claim that Defendant, CSAA Fire and Casualty Insurance Company, violated its duty of good faith and fair dealing by unreasonably, and in bad faith, refusing to pay Plaintiffs the proper amount for a valid claim under their insurance policy.  In order for Plaintiffs to recover damages in this case, they must show by the greater weight of the evidence that:

1.   Defendant was required under the insurance policy to pay Plaintiffs' claim;

2.   Defendant's refusal to pay the claim in full was unreasonable under the circumstances, because 1) it did not perform a proper investigation, 2) it did not evaluate the results of the investigation properly, or 3) it had no reasonable basis for the refusal;

3.   Defendant did not deal fairly and in good faith with Plaintiffs; and

4.   The violation by Defendant of its duty of good faith and fair dealing was the direct cause of the injury sustained by Plaintiffs.

**AUTHORITY**:      OUJI CIV (3d) 22.2

**INSTRUCTION NO. 10**

**<u>BAD FAITH – DAMAGES</u>**

If you find that Defendant, CSAA Fire and Casualty Insurance Company, violated its duty of good faith and fair dealing, you must fix the amount of Plaintiffs' damages.  This is the amount of money that will compensate them for any loss they suffered as a result of Defendant's denial of coverage on Plaintiffs' claim.

In fixing the amount you will award Plaintiffs, you may consider the following elements:

1.      Financial losses;

2.      Embarrassment and loss of reputation; and

3.      Mental pain and suffering.

**AUTHORITY**:      OUJI – CIV (3d) 22.4

## INSTRUCTION NO. 11

## EXEMPLARY OR PUNITIVE DAMAGES – BAD FAITH – FIRST STAGE

If you find in favor of the Plaintiffs, Russ Godfrey and Natalie Godfrey, and grant them actual damages, then you must also find by a separate verdict, whether Defendant recklessly disregarded its duty to deal fairly and act in good faith with its insureds, and/or intentionally and with malice breached its duty to deal fairly and act in good faith with its insureds.

Plaintiffs have the burden of proving this by clear and convincing evidence.  By that I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party that has this burden of proof is highly probable and free from serious doubt.

Defendant recklessly disregarded its duty to deal fairly and act in good faith with its insureds if Defendant either was aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to Plaintiffs.  In order for Defendant to have recklessly disregarded its duty to deal fairly and act in good faith with its insureds, its conduct must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to the Plaintiffs.

Malice involves either hatred, spite, or ill-will, or else the doing of a wrongful act intentionally without just cause or excuse.

If you find that Defendant recklessly disregarded its duty to deal fairly and act in good faith with its insureds or intentionally and with malice breached its duty to deal fairly

and act in good faith with its insureds, you may award punitive damages against Defendant in a later part of this trial.  If you do not find that Defendant recklessly disregarded its duty to deal fairly and act in good faith with its insureds or intentionally and with malice breach its duty to deal fairly and act in good faith with its insureds, you may not award punitive damages against Defendant.

**AUTHORITY**:        OUJI (3d Supp.) Civ. No. 22.5

## INSTRUCTION NO. 12

## EXEMPLARY OR PUNITIVE DAMAGES – BAD FAITH – <u>SECOND STAGE</u>

Ladies and Gentlemen of the jury, you have found in favor of the Plaintiffs and granted them actual damages, and you have also found by a separate verdict that Defendant, CSAA Fire and Casualty Insurance Company, has recklessly disregarded its duty to deal fairly and act in good faith with its insureds and/or intentionally and with malice breached its duty to deal fairly and act in good faith with its insureds.

You may now, in addition to actual damages, grant Plaintiffs punitive damages in such sum as you reasonably believe will punish Defendant and be an example to others.

Punitive damages are not to be considered as compensation to Plaintiffs, but as punishment to Defendant and as an example to others to deter them from like conduct. The law does not require you to award punitive damages and, if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not destroy a defendant.

You may consider evidence of actual harm to others in determining the seriousness of the hazard to the public and thus whether the conduct that harmed the Plaintiffs was particularly reprehensible or bad. Conduct that risks harm to many may be more reprehensible than conduct that risks harm to only a few. However, you may not use punitive damages to punish Defendant directly on account of harms that it may have caused to others.

In determining the amount of punitive damages, you may consider the following factors:

1.      The seriousness of the hazard to the public arising from Defendant's misconduct;

2.      The profitability of the misconduct to Defendant.

3.      How long the conduct lasted and whether it is likely to continue;

4.      Whether there were attempts to conceal the misconduct;

5.      How aware Defendant's was of its conduct and its consequences and how aware Defendant was of the hazard and of its excessiveness;

6.      The attitude and conduct of Defendant upon finding out about the misconduct/hazard;

7.      The financial condition of Defendant.

8.      The number and level of employees involved in causing or concealing the misconduct

In no event should the punitive damages exceed the greater of: (Select One)

[$100,000.00 or the amount of actual damages you have previously awarded].

OR

[$500,000.00, or twice the amount of actual damages you have previously awarded, or the increased financial benefit derived by Defendant as a direct result of the conduct causing the injury to the Plaintiffs].

**AUTHORITY:**      OUJI – CIV (2d) No. 5.9 (as amended effective October 14, 2008); OUJI – CIV 2d) No. 22.7 (modified in accordance with the amended version of OUJI – CIV (2d) No. 5.9)

**[Note: If the jury finds intentional conduct, thereby reaching Category II punitive damages, Plaintiffs request that the Court delete "one" and "$100,000 or the amount of actual damages you have awarded" and "OR" to prevent confusion.]**

## <u>VERDICT FORM FOR PLAINTIFFS – FIRST STAGE</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSS GODFREY AND NATALIE GODFREY, <br><br>         Plaintiffs, <br><br> v. <br><br> CSAA FIRE AND CASUALTY INSURANCE COMPANY, <br><br>         Defendant. | Case No: 5:19-cv-329 JD |

## VERDICT FORM, FOR PLAINTIFFS, PUNITIVE DAMAGES – FIRST STAGE

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find in favor of Plaintiffs, Russ Godfrey and Natalie Godfrey, and against Defendant, CSAA Fire and Casualty Insurance Company, on Plaintiffs' claims as follows:

**Actual Damages:**   1.   The dollar amount of Plaintiffs' actual damages is the sum of $_____.

**Punitive Damages:**   2.   (a)   We do _____ do not _____ (Check One) find by clear and convincing evidence that the Defendant recklessly disregarded its duty to deal fairly and act in good faith with its insureds.

(b)   We do _____ do not _____ (Check One) find by clear and convincing evidence that the Defendant intentionally and with malice breached its duty to deal fairly and act in good faith with its insureds.

_____
Foreperson


_____     _____
_____     _____
_____     _____
_____     _____
_____     _____


**AUTHORITY:**     OUJI -- CIV(2d) 22.6 (modified)

## VERDICT FORM FOR PLAINTIFFS - PUNITIVE DAMAGES

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Russ Godfrey and Natalie Godfrey,<br><br>             Plaintiffs,<br><br>v.<br><br>CSAA FIRE AND CASUALTY<br>INSURANCE COMPANY and LISA<br>HOLLIDAY,<br><br>             Defendants. | Case No: 5:17-CV-01302-D |

### VERDICT FORM FOR PLAINTIFFS – PUNITIVE DAMAGES

We, the jury empaneled and sworn in the above entitled cause do upon our oaths find in favor of Plaintiffs, Russ Godfrey and Natalie Godfrey, and against Defendant, CSAA Fire and Casualty Insurance Company, and fix the amount of Plaintiffs' punitive damages as follows:

**Punitive Damages:**     1.   The dollar amount of Plaintiffs' punitive damages is the sum of $_____.


_____
Foreperson
_____
_____
_____
_____
_____
_____
_____
_____