# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSS GODFREY and NATALIE GODFREY,<br><br>        Plaintiffs,<br><br>v.<br><br>CSAA FIRE & CASUALTY INSURANCE COMPANY,<br><br>        Defendant. | Case No: 5:19-cv-329 JD |

## PLAINTIFFS' MOTION IN LIMINE

Plaintiffs, Russ Godfrey and Natalie Godfrey, move this Court for an Order in Limine prohibiting the Defendant's attorneys, representatives, and witnesses from mentioning, arguing, soliciting evidence, inferring, stating to the jury, presenting testimony or documentary evidence or exhibits or in any way attempting to inform the jury regarding the following:

1. Godfrey v. Travelers which was litigation over a denied claim between 2001 and 2004.  This case involved a different house, a different insurance company, a different claim and was settled 15 years ago and has no relevance whatsoever to the instant case or litigation and is therefore not relevant under F.R.E. 401, 402.  Any slight relevance is greatly outweighed by the danger of unfair prejudice and/or confusion to the jury on the issues in this case.  F.R.E. 403.

2. Mortgage Electronic Registration Systems, Inc. v. Godfrey.  This was a 2005 foreclosure case which, again, has absolutely nothing to do with the current

litigation or the residential premises which is the subject of this litigation and should therefore be excluded under F.R.E. 401, 402, 403.

3.   J.P. Morgan Chase v. Godfrey.  This was unrelated commercial or consumer litigation which was resolved over 15 years ago and has absolutely nothing to do with the current case and should therefore be excluded pursuant to F.R.E. 401, 402 and 403.

4.   Bankruptcy in 2005.  Plaintiffs were under financial distress which resulted in bankruptcy being filed in 2005.  This has absolutely nothing to do with the current litigation and should therefore be excluded under F.R.E. 401, 402 and 403.

5.   Any alleged criminal allegations or allegations of fraud against the principals of Ultimate Roofing.  Ultimate Roofing performed two repairs on Plaintiffs roof, one from a storm in April 2017 and the repair from the subject ice and snow damage in February 2018.  Plaintiffs are not otherwise associated with Ultimate Roofing in any way.  In this litigation, there was certain testimony regarding financial and/or litigation troubles with Ultimate Roofing and allegations that Ultimate Roofing had, in other cases, allegedly not performed the work for which it was paid.  None of these allegations involve Plaintiffs or the repairs to their home.  It is unknown exactly what information or alleged evidence or facts that Defendant may want to mention or discuss in front of the jury. Any such information pertaining to alleged bad acts by the principals of Ultimate Roofing, which are completely unrelated to the facts in this case, are not relevant.  Any slight relevance is greatly outweighed by the danger of unfair prejudice and confusion of the issues for the jury, and it is therefore inadmissible under F.R.E. 401, 402 and 403.

Further, any allegations that Ultimate Roofing did something wrong in some unrelated matter would be based on inadmissible hearsay. F.R.E. 801, 802.

6. Any prior claims the Godfreys had with CSAA, except the April 2017 claim. The April 2017 claim is relevant in this case because it was discussed in this claim and further because the inspection and photographs in the April 2017 claim, which was just a few months before the subject February 2018 claim, prove that CSAA's excuse for denial, that the damage was preexisting, is absolutely without merit. However, other than the April 28, 2017 claim, there are no other prior claims which have anything to do with the subject claim and are therefore not relevant and are inadmissible pursuant to F.R.E. 401, 402, 403.

7. Prior injury claims, car wrecks and worker's compensation claims. Both Mr. and Mrs. Godfrey and their children have, from time to time over the years, had personal injury and workers' compensation claims which are completely unrelated to the issues in this case. The only possible reason defense counsel would want to talk about these would be to create unfair prejudice against Plaintiffs or to confuse the issues in this case for the jury. Prior injury and workers' compensation claims have absolutely no relevance to this case and should be excluded pursuant to F.R.E. 401, 402 and 403.

8. Allen Lippoldt was a former employee of Ultimate Roofing. During the pendency of this claim, he was involved in communications with Mr. Godfrey and with Sayde Brooks from CSAA regarding Plaintiffs' claim. In or around 2002, he was charged with possession of a controlled dangerous substance with intent to distribute. He was also charged with fleeing from the police with regard to this incident. This was at a

time that he was approximately 18 years old.  In addition, he had a charge of "mooning" someone which was also in 2002 when he was 18 or 19.  The deposition testimony regarding these incidents are attached Exhibit 1, Lippoldt Depo. pp. 44-46.  Neither of these incidents involved lying under oath or dishonesty and these charges were more than ten (10) years ago.  Under the Federal Rules of Evidence, such charges are only admissible if the probative value supported by specific facts and circumstances substantially outweigh its prejudicial effect.  There would be no reason for Defendant to use this information other than to unfairly prejudice the Plaintiffs.  *See* F.R.E. 609.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an order prohibiting Defendant, its attorneys, and witnesses from attempting to testify or comment on the above matters.

                                          **MANSELL ENGEL & COLE**

By:   s/Keith F. Givens
         Steven S. Mansell, OBA #10584
         Mark A. Engel, OBA #10796
         Kenneth G. Cole, OBA #11792
         M. Adam Engel, OBA #32384
         Keith F. Givens, OBA #16501
         204 North Robinson Avenue, 21st Floor
         Oklahoma City, OK 73102-7001
         T: (405) 232-4100 ** F: (405) 232-4140
         E-mail:  kgivens@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Gerard F. Pignato (jerry@ryanwhaley.com)
Matthew C. Kane (mkane@ryanwhaley.com)
Joshua K. Hefner (jhefner@ryanwhaley.com)
Susan F. Kane (susanfkane@gmail.com)

**ATTORNEYS FOR DEFENDANT,
CSAA FIRE AND CASUALTY INSURANCE CO.**

s/Keith F. Givens
Keith F. Givens