IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSS GODFREY and<br>NATALIE GODFREY,<br><br>    Plaintiffs,<br><br>v.<br><br>CSAA FIRE & CASUALTY<br>INSURANCE COMPANY,<br>a foreign corporation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: CIV-19-329-JD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S MOTION *IN LIMINE* NO. 1

### *INADMISSIBILITY OF EVIDENCE AND TESTIMONY REGARDING OKLAHOMA'S UNFAIR CLAIMS SETTLEMENT PRACTICES ACT*

Defendant, CSAA Fire and Casualty Insurance Company ("CSAA"), moves this Court for an Order *in limine* prohibiting the Plaintiffs, and their counsel, and instructing the Plaintiffs' counsel to direct the Plaintiffs' witnesses, not to mention, refer to, or convey to the jury, in any manner, the subject of Oklahoma's Unfair Claims Settlement Practices Act ("the Act"), Title 36 O.S. § 1250.1, *et seq*. It is anticipated that Plaintiffs and/or their counsel may attempt to improperly reference the Act or portions of the Act at trial.

### BRIEF IN SUPPORT

It is settled law that Oklahoma does not recognize a private right of action for violation of the Act. *Gianfillipo v. Northland Casualty Company*, 1993 OK 125, 861 P.2d 308, 310; *Walker v. Chouteau Lime Co., Inc.*, 1993 OK 35, 849 P.2d 1084; *Lewis v. AETNA US Healthcare*, 78 F.Supp.2d 1202, 1206 (N.D. Okla. 1999). In fact, the Act clearly states

that the Oklahoma Insurance Commissioner has the sole jurisdiction to review complaints about insurance company practices by citizens and enforce the provisions of the Act. Title 36 O.S. § 1250.10. In addition, the Act gives the Commissioner the right to have hearings, set up investigations and charge individuals who violate the Act. Id. at § 1250.11. Moreover, the Commissioner can enforce the Act through cease and desist orders (§1250.12), or by issuing fines of not less than $100.00 or more than $5,000.00 for violations of the Act (§§ 1250.13-14). Clearly, this Act is a method for the Oklahoma Insurance Commissioner to regulate the insurance industry in Oklahoma. The Act was not intended to be a field guide for plaintiffs in bad faith litigation.

As there is no private right of action for damages under the Act, it is irrelevant and unfairly prejudicial to allow the Plaintiffs to parade out various alleged "violations" of the Act as "proof" of bad faith. The Act only gives the Insurance Commissioner the authority to determine if a violation has occurred (see § 1250.10(B)). Specifically, the Oklahoma Legislature has granted the Oklahoma Insurance Commissioner the sole authority to compile evidence and determine, after its investigation, if in fact a violation has occurred. To allow the Plaintiffs, their counsel or any of their witnesses in this case to make statements to the jury that such violations have occurred would be highly inappropriate and unfairly prejudicial, as it circumvents the process established by statute. Such statements create the risk that the jury will infer CSAA has breached its duty of good faith and fair dealing to Plaintiffs simply because of CSAA's alleged violations of the Act.

Clearly, only the Insurance Commissioner, not the Plaintiffs, has the right to allege that CSAA violated the Act. Thus, to allow Plaintiffs or their witnesses to address the Act under the guise that the Act consists *of standards* – or even to allow <u>their counsel to address the Act with CSAA's own witnesses</u> – would be improper as it allows irrelevant, highly prejudicial, confusing and legal issues to be presented to the jury. As an example of the confusing and misleading nature of this type of evidence, the Act makes clear that a single, inadvertent infraction does not constitute a violation of the Act. Section 1250.3 of the Act states:

> B. It is an unfair claims settlement practice for any insurer to commit any act set out in Section 1250.5 of this title, or to commit a violation of any other provision of the UCSPA, if:
>
> > 1. It is committed flagrantly and in conscious disregard of this act or any rules promulgated hereunder; or
> >
> > 2. It has been committed with such frequency as to indicate a general business practice to engage in that type of conduct.

Further, as the court observed in *Beers v. Hillory*, 241 P.3d 285 (Okla. Civ. App. 2010):

> ". . . a violation of the Act does not necessarily establish bad faith. An insurer may carelessly fail to perform some duty required by the statute with such frequency to warrant administrative sanction, but that does not establish more than negligent conduct in any individual case."

*Beers*, 241 P.3d at 294.

Five years later, the court in *Aduddell Lincoln Plaza Hotel v. Certain Underwriters at Lloyds of London*, 215 OK CIV APP 34, 348 P.3 216 stated:

> The Unfair Claims Settlement Practices Act may provide guidance to a trial court in determining whether to grant summary judgment, but it does not function as an appropriate guide for the jury to determine bad faith.

*Aduddell*, 348 P.3d at 224.

The standard for violating the Act is not the same as the bad faith standard. Thus, there is no legitimate reason for mentioning an irrelevant standard or an Act that has no application to this case. Stated differently, the introduction of these statutory provisions places a "skunk in the jury box" by giving the Plaintiffs a false set of standards that the Jury may feel compelled to follow. This is an untenable situation and should be strictly prohibited at trial.

For all the reasons stated above, CSAA requests this Court to grant the present Motion *in Limine*.

Respectfully submitted,

s/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
Bruce A. Robertson, OBA No. 13113
Matthew C. Kane, OBA No. 19502
Susan F. Kane, OBA No. 19455
RYAN WHALEY COLDIRON JANTZEN
 PETERS & WEBBER PLLC
400 North Walnut Avenue
Oklahoma City, Oklahoma  73104
Telephone:   405-239-6040
Facsimile:    405-239-6766
Email:   jerry@ryanwhaley.com
            brobertson@ryanwhaley.com
            mkane@ryanwhaley.com
            susanfkane@gmail.com
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire
Keith F. Givens, Esquire
MANSELL ENGEL & COLE

                                          s/ Gerard F. Pignato
                                          For the Firm