IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSS GODFREY and <br> NATALIE GODFREY, <br><br> Plaintiffs, <br><br> v. <br><br> CSAA FIRE & CASUALTY <br> INSURANCE COMPANY, <br> a foreign corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: CIV-19-329-JD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S MOTION *IN LIMINE* NO. 8**

*INADMISSIBILITY OF EVIDENCE OF OTHER CLAIMS OR LAWSUITS AGAINST CSAA*

The Defendant, CSAA Fire & Casualty Insurance Company ("CSAA"), hereby moves this Court for an Order prohibiting the Plaintiffs, ("Plaintiffs"), their counsel, and fact or expert witnesses, from offering evidence of, or otherwise mentioning, other claims or lawsuits against CSAA.

It is anticipated that Plaintiffs will attempt to elicit testimony or offer evidence concerning other complaints and lawsuits against CSAA. This evidence is irrelevant and inadmissible. Even if relevant, by allowing Plaintiffs to selectively offer evidence of other claims or lawsuits against CSAA to the jury, CSAA would be unfairly prejudiced, even if the Court sustains an objection and instructs the jury not to consider such matters for any purpose. Therefore, any reference to any other claims or lawsuits against CSAA should be excluded, pursuant to Rules 402 and 403.

In support of this Motion, CSAA submits the following brief in support, below.

**ARGUMENT AND AUTHORITIES**

Upon information and belief, Plaintiffs hope to offer evidence that other CSAA insureds have made complaints and/or filed first-party lawsuits against CSAA for breach of contract and/or bad faith. Plaintiffs are expected to argue that CSAA is a bad company based on the filing of other lawsuits against it, and that any and all claims or lawsuits made by other insureds are virtually identical. However, in bad faith cases, the facts and circumstances underlying each lawsuit are wholly independent and unrelated to one another. In short, every bad faith case is unique.

The evidence Plaintiffs wish to elicit is inadmissible for four reasons: (1) it is irrelevant; (2) it is unfairly prejudicial and unduly confusing to the jury; (3) it constitutes inadmissible hearsay; and (4) it involves inadmissible "character evidence."

PROPOSITION I:    EVIDENCE OF OTHER COMPLAINTS OR LAWSUITS IS IRRELEVANT.

**A.     *General Irrelevance of Other Claims.*** 

"The threshold inquiry in any dispute over the admissibility of evidence is whether the evidence is relevant." *Black v. M & W Gear Co.*, 269 F.3d 1220, 1227 (10th Cir. (Okla.) 2001) (citing *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999)). The determination of whether the subject evidence is relevant rests in this Court's sound discretion. *See, e.g., Greenberg v. Service Business Forms Industries, Inc.*, 882 F.2d 1538, 1543 (10th Cir. (Okla.) 1989). The Oklahoma Evidence Code defines relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

evidence." 12 O.S. § 2401.  In the present case, Plaintiffs cannot meet the threshold burden of showing that evidence of other, unrelated lawsuits or claims against CSAA makes a fact of consequence in this case more probable.

"An analysis of the admissibility of evidence begins with an examination of the purposes for which the evidence is proffered." *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1522 (11th Cir. 1985).  Evidence of other acts must be relevant to be admissible.  *Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. (Okla.) 2002).  In the present case, Plaintiffs will attempt to introduce evidence of other bad faith cases CSAA has been involved in to either prove that CSAA acted in bad faith toward Plaintiffs or to prove the extent of CSAA's bad faith conduct in support of Plaintiffs' punitive damages claim.

Evidence of other claims or lawsuits does not have any tendency to demonstrate that CSAA acted in bad faith toward Plaintiffs in the present action.  Because the allegations of bad faith in the present case are very fact-specific, CSAA's handling of other claims has no tendency to demonstrate that CSAA acted in bad faith toward Plaintiffs.  In other words, the evidence would not make any fact of consequence in the present action more or less probable than it would be without the evidence.  Therefore, the evidence is irrelevant pursuant to Section 2401, and must be excluded pursuant to Section 2402. Simply put, the only evidence relevant to Plaintiffs' bad faith claim is the facts specifically related to CSAA's investigation of their particular UM claim.

**B.     *Punitive Damages.***

Plaintiffs may attempt to justify the introduction of their proposed "evidence" about other claims, complaints and lawsuits against CSAA by reference to their quest for punitive damages. However, in *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003), the United States Supreme Court made clear that other insurance claims involving different facts and circumstances are not relevant to a claim for punitive damages for alleged bad faith:

> <u>Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis</u>. . . Punishment on these bases creates the possibility of multiple punitive damages awards for the same conduct; for in the usual case nonparties are not bound by the judgment some other plaintiff attains.

*Id.* at 1523 (emphasis added). *Campbell* dictates that any punitive damages judgment based upon the information Plaintiff seeks to introduce here <u>would violate the Due Process Clause</u>. Thus, without presenting evidence of and litigating the similarities and relatedness of each claim, complaint and lawsuit to the instant case, and independently litigating the circumstances of CSAA's actions on <u>each</u> of those underlying insurance claims, such a punitive damages judgment would be wholly speculative.

Moreover, although Oklahoma's punitive damage statute allows a jury to consider, *inter alia*, the duration of the misconduct and any concealment of it, the degree of the defendant's awareness of the hazard and of its excessiveness, and the attitude and conduct of the defendant upon discovery of the misconduct or hazard, it does not allow the jury to consider evidence of other conduct completely unrelated and wholly dissimilar to the facts

of the case at issue. 23 O.S. §9.1(A). Evidence of other conduct must bear some relation to the harm of which the plaintiff complains. *Campbell*, 538 U.S. at 422 (2003).

In *Campbell*, the plaintiff attempted to introduce evidence of State Farm's prior acts as a basis for punitive damages. The Court held that "[a] Defendant's dissimilar acts, independent from the acts upon which liability is premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the Plaintiff, not for being an unsavory individual or business." *Id.* at 422-23. Although it recognized that evidence of other acts need not be identical, the Court clearly held that the evidence of prior conduct must bear some resemblance to the conduct in question. *Id.*

Furthermore, before Plaintiffs are permitted to argue their claim for punitive damages to the jury, they must first establish that CSAA acted with oppression, malice, fraud, or gross negligence or wantonness. *Hall v. Globe Life Accident Ins. Co.*, 1998 OK CIV APP 161, 968 P.2d 1263. Indeed, the "availability of a punitive damage award in a bad faith case is not automatic, but rather, is governed by the standard applicable in other tort cases." *Id.* at 1266 (quoting *Buzzard v. Farmers Ins. Co., Inc.*, 1991 OK 127, 824 P.2d 1105, 1114). Because evidence of other similar acts **is relevant only with respect to Plaintiffs' claim of punitive damages**, Plaintiffs must comply with the law governing punitive damages in presenting this evidence.

The Oklahoma statutes require a bifurcated trial of liability and punitive damages determinations. 23 O.S. §9.1. Thus, even if this Court determines that evidence of CSAA's

of the case at issue. 23 O.S. §9.1(A). Evidence of other conduct must bear some relation to the harm of which the plaintiff complains. *Campbell*, 538 U.S. at 422 (2003).

In *Campbell*, the plaintiff attempted to introduce evidence of State Farm's prior acts as a basis for punitive damages. The Court held that "[a] Defendant's dissimilar acts, independent from the acts upon which liability is premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the Plaintiff, not for being an unsavory individual or business." *Id.* at 422-23. Although it recognized that evidence of other acts need not be identical, the Court clearly held that the evidence of prior conduct must bear some resemblance to the conduct in question. *Id.*

Furthermore, before Plaintiffs are permitted to argue their claim for punitive damages to the jury, they must first establish that CSAA acted with oppression, malice, fraud, or gross negligence or wantonness. *Hall v. Globe Life Accident Ins. Co.*, 1998 OK CIV APP 161, 968 P.2d 1263. Indeed, the "availability of a punitive damage award in a bad faith case is not automatic, but rather, is governed by the standard applicable in other tort cases." *Id.* at 1266 (quoting *Buzzard v. Farmers Ins. Co., Inc.*, 1991 OK 127, 824 P.2d 1105, 1114). Because evidence of other similar acts **is relevant only with respect to Plaintiffs' claim of punitive damages**, Plaintiffs must comply with the law governing punitive damages in presenting this evidence.

The Oklahoma statutes require a bifurcated trial of liability and punitive damages determinations. 23 O.S. §9.1. Thus, even if this Court determines that evidence of CSAA's

prior conduct is somehow relevant, this Court should preclude Plaintiffs from introducing such evidence **until** she has met the minimal threshold requirements for submitting the issue of punitive damages to the jury.

Evidence of other claims or lawsuits against CSAA should also be excluded to the extent that they are dissimilar from the present case. If the behavior at issue in those claims or lawsuits is not substantially similar to the behavior alleged in the present lawsuit, then evidence of those lawsuits is not relevant in determining the amount of punitive damages that should be awarded in the present lawsuit. In other words, for each claim or lawsuit which Plaintiffs intend to introduce as evidence in the present case, this Court should make a separate determination of whether the claim or lawsuit is substantially similar to the present action as to warrant its consideration in assessing punitive damages in this action, if there is a punitive damages phase of trial.

> PROPOSITION II:   EVIDENCE OF OTHER COMPLAINTS OR LAWSUITS WOULD CAUSE UNFAIR PREJUDICE TO DEFENDANT AND CONFUSE THE JURY.

Even if Plaintiffs can show that the subject evidence satisfies the requirements of Rule 401, the evidence is inadmissible under Rule 403, because it would (1) cause unfair prejudice, (2) mislead the jury, and (3) cause confusion of the issues at trial. "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise." *Badillo v. Mid Century Ins. Co.*, 2005 OK 48, 121 P.3d 1080 (finding no abuse of discretion in exclusion of evidence relating to a claims adjuster's handling of other claims).

6

Rule 403 provides a balancing test to determine whether exclusion of certain evidence is appropriate:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise.

Rule 403. Trial courts have broad discretion in determining if the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice, and the reviewing court will not overturn the trial court's ruling unless there is a clear abuse of discretion. *Robinson v. Borg-Warner Protective Services Corp.*, 2001 OK 59, ¶ 14, 31 P.3d 1041, 1044. Courts have consistently excluded evidence of other complaints against a defendant.

The Oklahoma Supreme Court has also held that this type of evidence is properly excluded under Section 2403. *Badillo*, at n. 20, 121 P.3d at 1106. In *Badillo*, the insured party asserted that the trial court erroneously excluded evidence of the subject insurance adjuster's handling of other claims. The trial court excluded the evidence, and the Oklahoma Supreme Court affirmed. "Even assuming the evidence was relevant to the punitive damage issue, we find no abuse of discretion or reversible error in the trial court's ruling, in effect, that any probative value was substantially outweighed by the danger of unfair prejudice." *Id.* at ¶ 66, n. 20 (citing *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289, 293-94).

In *Madill Bank and Trust Co. v. Herrmann*, 1987 OK CIV APP 4, 738 P.2d 567, the plaintiff bank filed suit against the defendants to recover on a promissory note alleging that the defendants were co-makers on the note. Among other things, the defendants asserted that

7

they had been induced to sign the note by the fraud of the plaintiff and its officers. In support of this defense and counterclaim of fraud, the defendants attempted to introduce evidence of violations by the plaintiff bank of state and federal law imposing individual liability on bank officers for making loans in excess of lending limits. The Court of Appeals sustained the trial court's exclusion of this evidence under 12 O.S. § 2403 on the grounds that the jury could very well have been misled and confused by the inference of wrong-doing from the evidence since, at best, the evidence offered would raise only a suspicion of ill intent which would be insufficient to establish a claim of fraud.

The *Madill* case has been relied upon in *American Biomedical Group, Inc. v. Norman Regional Hospital Authority*, 1993 OK CIV APP 83, 855 P.2d 1074, and *State of Oklahoma ex rel. Department of Public Safety v. 1988 Chevrolet Pickup VIN No. 1GCDC14K8JZ323, OK Tag No. GFX19*, 1993 OK CIV APP 6, 852 P.2d 786, to sustain the exclusion of evidence under 12 O.S. § 2403. *See also James v. State Farm Mutual Automobile Insurance Company*, 1991 OK 37, 810 P.2d 365 (holding in an action for fraud, based in part on an allegation of sex discrimination, that the probative value of an unrelated legal action against the defendant for sex discrimination was substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury).

Applying FED. R. EVID. 403, upon which Oklahoma's Section 2403 is modeled, numerous federal courts have excluded evidence of extrinsic claims and allegations. The Southern District of Mississippi has excluded evidence of other claims in a cause of action for insurance bad faith under FED. R. EVID. 403. *Burley v. Homeowners Warranty Corp.*,

773 F. Supp. 844, 858 (S.D. Miss. 1990). In *Burley*, the plaintiff sought to introduce the evidence of other claims to demonstrate the insurer's course of conduct. *Id.* at 857. The court refused the evidence. "**[T]he admission of such evidence would be unduly time-consuming, unfairly prejudicial and unnecessarily confusing and will not be permitted**." *Id.* at 858 (emphasis added). Other courts have also excluded evidence of other allegations against a defendant because of unfair prejudice and its inherent tendency to confuse the issues. *See United States Football League v. National Football League*, 634 F. Supp. 1155, 1172-73 (S.D.N.Y.1986) (excluding evidence of prior lawsuits against the defendant partly because this evidence "would permit plaintiff to create an 'aura of guilt' or to 'imply new wrongdoing from past wrongdoing'").

      This firmly established rule of law is directly applicable in this case. As in every one of the above-cited cases, the Plaintiff in the present case seeks to present evidence of other claims or lawsuits by third parties in order to create an "aura of guilt." At the same time, the anticipated evidence would require a series of mini-trials regarding each alleged complaint or lawsuit. For each complaint or lawsuit, CSAA would have to show how it dealt with the particular claimants, and why. It would become necessary to conduct separate hearings to determine whether each individual complaint or lawsuit is sufficiently similar to the present case to warrant admission. Presumably, each complainant's or litigant's file would suddenly become relevant for cross-examination. The jury would then have to evaluate whether CSAA acted reasonably toward insureds who are not even before the Court. The trial would be extraordinarily long and tax the ability of any jury to remain focused on the Plaintiffs'

claim. This very real danger of unfair prejudice requires exclusion of evidence of other complaints.

> PROPOSITION III:   EVIDENCE OF OTHER COMPLAINTS IS INADMISSIBILE AS EVIDENCE OF UNRELATED MISCONDUCT.

It is well established that evidence of "other wrongs" or "other acts" is generally inadmissible to prove that a party behaved in a particular way on a particular occasion. Rule 2404. The rule provides, in pertinent part:

> Evidence of other. . . wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

*Id.* Thus, evidence of other complaints or lawsuits against CSAA is not admissible. While evidence of prior bad acts may be introduced for certain purposes, besides showing propensity, Oklahoma courts apply "a balancing test very similar to that under Section 2403" to determine whether the probative value of the evidence outweighs its prejudicial effect. *Tansy v. Dacomed Corp.*, 1994 OK 146, ¶ 31, 890 P.2d 881. Admission of evidence of other complains or lawsuits would create a substantial risk that the jury might punish CSAA for behavior that has no relationship to the issues in this case.

In the present action, evidence of claims made against CSAA by non-parties is absolutely extrinsic to Plaintiffs' claim. Plaintiffs cannot possibly assert that CSAA's conduct in handling another party's claim is "part of the same tortious event" that gave rise to their claim. Thus, the evidence of such claims is clearly extrinsic and must be excluded.

PROPOSITION IV:   EVIDENCE OF OTHER COMPLAINTS OR LAWSUITS CONSTITUTES INADMISSIBLE HEARSAY.

Evidence of any other complaints or lawsuits against CSAA constitutes inadmissible hearsay if the parties bringing those complaints or lawsuits are not available to testify. Such evidence would be a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801. Thus, evidence of other complaints and/or lawsuits against CSAA must be excluded. *See, e.g., Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir.1993) (holding that a summary of claims and lawsuits against the defendant constitutes inadmissible hearsay); *See also Kerr v. Clary*, 2001 OK 90, 37 P.3d 841 (discussing hearsay in general and at length).

PROPOSITION V:   PLAINTIFFS HAVE FAILED TO IDENTIFY A SINGLE OTHER CASE THEY WISH TO DISCUSS AT TRIAL.

Of even more significance is the fact that Plaintiffs have not identified a single case that Plaintiffs wish to discuss at trial. Obviously, CSAA should not be subject to questioning on files that Plaintiffs do not put CSAA on notice of prior to trial.

### CONCLUSION

For these reasons, CSAA respectfully requests that the Court enter an Order prohibiting Plaintiffs, or anyone on their behalf, from offering evidence of, or otherwise mentioning, lawsuits or claims against CSAA in which a claim for bad faith has been asserted, other than the claim at issue in this case.

        Respectfully submitted,

s/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
Bruce A. Robertson, OBA No. 13113
Matthew C. Kane, OBA No. 19502
Susan F. Kane, OBA No. 19455
RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC
400 North Walnut Avenue
Oklahoma City, Oklahoma  73104
Telephone:   405-239-6040
Facsimile:    405-239-6766
Email:   jerry@ryanwhaley.com
         brobertson@ryanwhaley.com
         mkane@ryanwhaley.com
         susanfkane@gmail.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire
Keith F. Givens, Esquire
MANSELL ENGEL & COLE

s/ Gerard F. Pignato
For the Firm