## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RUSS GODFREY and | ) | |
| NATALIE GODFREY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  CIV-19-329-JD |
| | ) | |
| CSAA FIRE & CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S MOTION *IN LIMINE* NO. 9

#### *INADMISSIBILITY OF ANY REFERENCE TO PUNISHING THE DEFENDANT AND/OR PUNITIVE DAMAGES ARGUMENTS IN THE FIRST STAGE OF TRIAL*

The Defendant, CSAA Fire & Casualty Insurance Company ("CSAA"), moves this Court for an Order *in Limine* prohibiting Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses from making any punitive damages arguments in the presence of the jury during the first stage of the trial.

Specifically, CSAA requests that during the first stage of trial proceedings, Plaintiffs be prohibited from making legal arguments or related statements concerning: (1) punitive damages, (2) punishing the Defendant, (3) making an example of Defendant, and/or (4) sending a message. Such evidence is improper and irrelevant to determining compensatory damages. And, of course, this evidence is highly prejudicial to CSAA.

In support of this Motion, CSAA submits its Brief, below.

## BRIEF IN SUPPORT

PROPOSITION I:    PLAINTIFFS, THEIR WITNESSES AND THEIR COUNSEL SHOULD BE PRECLUDED FROM MAKING ANY REFERENCE TO PUNITIVE DAMAGES OR PUNISHMENT PRIOR TO AN AWARD OF ACTUAL DAMAGES.

Compensatory and punitive damages serve entirely different purposes. *State Farm Mutual Auto Insurance Company v. Campbell*, 538 U.S. 408, 416 (2003). Oklahoma law governing punitive damage awards requires the jury to consider the issue of such damages in a separate proceeding conducted after the jury has considered actual damages. *See Lierly v. Tidewater Petroleum Corp.*, 2006 OK 47, ¶¶ 30-32, 139 P.3d 897, 905-906; 23 O.S. Supp. 2002, § 9.1(B)-(D). Consequently, Plaintiffs' counsel should be directed to refrain from raising any argument relating to punitive damages in the first phase of trial.

To succeed when making a claim for punitive damages under Oklahoma law, a plaintiff must demonstrate by clear and convincing evidence that a defendant has acted intentionally and with malice towards others, or with reckless disregard for the rights of others. 12 O.S. Supp. 2002, § 9.1. In addition, the United States Supreme Court has made clear that evidence of a defendant's conduct must pass Constitutional muster. Courts are required to utilize the five prong test announced in *Campbell* to determine whether a defendant's conduct is sufficiently reprehensible to allow consideration of a punitive damage award. *Campbell* at 419.

The Supreme Court explains the import of establishing these factors, "the existence of any one of these factors weighing in favor of a plaintiff may not be sufficient to sustain a punitive damages award, and the absence of all of them renders any award suspect." *Id.*

2

Courts must determine:  (1) whether the harm caused was physical as opposed to economic; (2) the tortious conduct evinced an indifference to or a reckless disregard for the health or safety of others; (3) the target of the conduct had financial vulnerability; (4) the conduct involved repeated actions or was an isolated incident; and (5) the harm was a result of intentional malice, trickery, deceit or mere accident. *Id.*

While a party must meet the threshold mandated by Section 9.1, evidence relating to punitive damages or punishing a defendant is strictly off-limits.  Both state and federal decisions in Oklahoma uniformly forbid mentioning punitive damages during the first phase of trial.  In *Harwick v. Dye*, 1999 OK 8, ¶ 4, 975 P.2d 453, 456, the Oklahoma Supreme Court reviewed a lower court's decision to prohibit statements relating to punitive damages prior to a determination by the judge that such evidence/argument was appropriate.  The defendants in *Harwick* filed a motion in limine seeking to exclude any reference to exemplary damages during stage one of trial proceedings. *Id.* at 456.  That motion was sustained and the plaintiff sought appellate relief following the trial.

On review, the Oklahoma Supreme Court found that it was entirely appropriate and within the sound discretion of the trial judge to prohibit discussion of punitive damages prior to evidence supporting those damages. *Id.*  In reaching this conclusion, the court reemphasized that "a claim for punitive damages is incidental to a claim for actual damages and cannot be awarded unless there are actual damages." *Id.*, citing *State ex rel. Southwestern Bell Telephone Company v. Brown*, 1974 OK 19, 519 P.2d 491 (Okla. 1974).  Accordingly, such evidence should be excluded from the liability phase of litigation. *See* 12 O.S. § 2402.

Similarly, in *Moody v. Ford Motor Co.*, 2007 WL 869693, Case No. 03-CV-0784 (N.D. Okla. March 20, 2007), the court considered the prejudicial impact of evidence and legal argument pertaining to punitive damages in the actual damages phase of trial.  Therein, the district court weighed Ford's motion for new trial, based on several errors, including plaintiff's mention of punitive measures during stage one of trial proceedings. *Id.* at 2. During pre-trial hearings, the district court issued a limine ruling which restricted references to punishment or punitive damages in the liability phase of the case, explaining:

> So if punitive damages are going to be an issue in this case, my rule is *punitive damages are not mentioned in phase one*, reckless disregard of the public safety may be mentioned, may be part of your opening statement, may be part of your closing argument. I submit a special interrogatory to the jury where they find whether they do or do not find that the defendant's conduct was in reckless disregard of the public safety. *Then and only then do we proceed to phase two where plaintiff may put on additional evidence relating to punitive damages* and I have a separate set of phase two instructions and verdict forms. *But statement of the case, opening statements, testimony from witnesses, closing argument, no mention of punitive damages unless and until you get a finding from the jury.*

*Id.* at 11 (emphasis added).

In the present lawsuit, any punitive damages arguments during the first stage of trial should be prohibited because such statements are irrelevant and the probative value is clearly outweighed by considerations of unfair prejudice, confusion of the issues and misleading the jury.  Rule 403.

PROPOSITION II:        PLAINTIFFS' COUNSEL SHOULD BE PROHIBITED FROM ADVISING
                       THE JURY IT SHOULD AWARD DAMAGES IN ORDER TO SEND A
                       MESSAGE.

In Moody, above, plaintiff's counsel engaged in a series of remarks designed to urge

the jury to punish Ford despite the court's bright line prohibition regarding punitive damages.

*Moody*, 2007 WL 869693 at 12.  First, counsel made "Golden Rule" arguments, intended to

make jurors envision themselves in plaintiff's position and to punish a defendant for certain

conduct. *Id.*  Additionally, plaintiff's counsel made statements in closing which implied that

jurors should send a message to Ford – without specifically mentioning punishment or

punitive damages. *Id.* at 13.  Finally, the attorney disclosed the punitive damages phase of

the trial proceedings to the jurors. *Id.* At 14.  Ultimately sustaining Ford's request for a new

trial, the district court found "a substantial likelihood that the award of compensatory

damages contained a punitive element, especially in light of the size of the non-economic

damages award." *Id.  See also, B.H. v. Gold Fields Mining Corp.*, 2007 WL 439031, Case

No. 04-CV-0564 (N.D. Okla. Feb. 1, 2007 (holding that the words "'punitive damages,'

'punish' or 'send a message' and the like are not to be mentioned during phase one, and the

jury would hear evidence related to Plaintiff's claim for actual damages only. . .").

Here, any statement or reference by Plaintiffs' counsel which urges jurors to send a

message with its verdict would be irrelevant and unduly prejudicial to CSAA.  *See* Rules 402

and 403.  Any such statement would have no relationship to proof of the underlying claim

of negligence.  Notwithstanding, even if any such statement were marginally relevant to the

issues in stage one of this case, it should be excluded as unduly prejudicial and an attempt

to inflame the jury. This would only serve to encourage jurors to impose punitive measures and is tantamount to requesting punitive damages in the first phase of trial. *See, Central of Georgia Railroad Company v. Swindle*, 398 S.E.2d 365, 367 (Ga. 1990); *see also Moody*, supra. Thus, based on the reasoning of *Moody* and *B.H.* , CSAA requests an order directing Plaintiffs, their witnesses and their counsel to refrain from asking jurors, in stage one of the proceedings, to send a message with their verdict.

## CONCLUSION

Unfortunately, it has become commonplace for some Plaintiffs' counsel to attempt to inject punitive damages-type arguments into their closing arguments during the first phase of the bad faith trial. Such arguments are wholly improper during the first phase.

For example, the following comments, inter alia, during opening or closing arguments of the first phase of the trial must be reserved for the second phase, if applicable:

1.      Ladies and Gentlemen, you have an opportunity here to send a message to the community and to companies just like CSAA;

2.      Let your verdict reflect that you are not going to tolerate this type of conduct by CSAA; and

3.      If you return a verdict against CSAA for only a million dollars, that adjuster sitting in the back of the courtroom will be thrilled to make a phone call to his/her boss and advise that they have just dodged a bullet. They will celebrate tonight.

CSAA can object to this type of improper and inflammatory argument during the first phase of trial.  However, CSAA would rather not cause a disruption because such disruptions are often annoying to the jury.  Further, such an objection would be too late.  The statement will have already been made by that time, and CSAA will have suffered unfair and irreparable prejudice as a result of such statement, even if the court should admonish the jury not to consider that statement for any purpose.

Respectfully submitted,


s/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
Bruce A. Robertson, OBA No. 13113
Matthew C. Kane, OBA No. 19502
Susan F. Kane, OBA No. 19455
RYAN WHALEY COLDIRON JANTZEN
  PETERS & WEBBER PLLC
400 North Walnut Avenue
Oklahoma City, Oklahoma  73104
Telephone:   405-239-6040
Facsimile:    405-239-6766
Email:   jerry@ryanwhaley.com
            brobertson@ryanwhaley.com
            mkane@ryanwhaley.com
            susanfkane@gmail.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire
Keith F. Givens, Esquire
MANSELL ENGEL & COLE

s/ Gerard F. Pignato
For the Firm