# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

RUSS GODFREY and )
NATALIE GODFREY, )
          )
          Plaintiffs, )
          )
v. )    Case No.:  CIV-19-329-JD
          )
CSAA FIRE & CASUALTY )
INSURANCE COMPANY, )
a foreign corporation, )
          )
          Defendants. )

## DEFENDANT'S MOTION *IN LIMINE* NO. 10

### *EXCLUSION OF EVIDENCE OF PLAINTIFFS' ALLEGED LITIGATION-INDUCED DISTRESS*

The Defendant, CSAA Fire & Casualty Insurance Company ("CSAA"), respectfully moves this Court for an Order *in Limine* excluding all evidence and testimony by Plaintiffs, Plaintiffs' counsel, or any of Plaintiffs' witnesses, as to any alleged emotional distress that is not specifically related to their bad faith claim against CSAA, such as distress relating to the litigation process, including depositions, meetings with their attorneys, waiting for trial, the trial itself, *etc.* Such evidence is irrelevant and should be excluded pursuant to Rules 401, 402 and 403.

In support of CSAA's Motion *in Limine* herein, CSAA submits its brief.

<u>**BRIEF IN SUPPORT**</u>

**EVIDENCE OF LITIGATION-INDUCED STRESS IS IRRELEVANT.**

The Plaintiffs may only recover specified damages caused by the intentional acts of CSAA in connection with CSAA's handling of the Plaintiffs' claims before Plaintiffs filed suit.  Post-litigation conduct cannot be the basis for a bad faith claim in Oklahoma.  *Andres v. Oklahoma Farm Bureau Mut. Ins. Co.*, 2012 OK CIV APP 93, 290 P.3d 15, 17-18 ("To date, the courts have uniformly rejected the argument that an insurer can be guilty of bad faith for simply defending itself in a coverage litigation and taking advantage, even zealously so, of every right afforded under applicable state and federal discovery rules"); *Sims v. Travelers Ins. Co.*, 2000 OK CIV APP 145, 16 P.3d 468, 478-72 (Holding that an insurer's litigation conduct could not be used as evidence of bad faith or to form the basis for a bad faith claim); *Timberlake Const. Co. v. U.S.F.&G.*, 71 F.3d 335, 341 (10th Cir. 1995) (applying Oklahoma law) (holding litigation conduct should rarely, if ever, be allowed to serve as proof of bad faith).  Rather, after a lawsuit is pending, "to hold an insurer's acceptable litigation tactics as evidence of bad faith would be to deny the insurer a complete defense." *Roesler v. TIG Ins. Co.*, 251 Fed.Appx. 489, 498 (10th Cir. 2007) (unpublished opinion).

Stress or anxiety caused by the litigation, including giving a deposition, rather than the alleged "bad faith" itself, does not constitute such compensable injury.  *See Knussman v. Maryland*, 272 F.3d 625, 641-642 (4th Cir. 2001) (in finding that any anxiety, stress or other unpleasantness experienced by the plaintiff as a by-product of litigation was not caused

by the underlying conduct itself, the court held "[s]uch mental distress is inherent in most litigation" and that "[g]enerally speaking, litigation-induced emotional distress is never a compensable element of damages") (quotations omitted); *Zimmerman v. Direct Federal Credit Union*, 262 F.3d 70, 79 (1st Cir. 2001) ("[T]he heavyweight of authority holds that litigation-induced stress is not ordinarily recoverable as an element of damages.

Sound policy reasons support this rationale: as a general rule a putative tortfeasor should have the right to defend himself without risking a more munificent award of damages merely because the strain inherent in an actual or impending courtroom confrontation discomfits the plaintiff") (citations omitted); *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983) ("It would be strange if stress induced by litigation could be attributed in law to the tortfeasor.  An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages . . . ."); *Flowers v. First Hawaiian Bank*, 295 F.Supp.2d 1130, 1140 (D. Hawaii 2003) ("Litigation stress is not recoverable as damages."); *Picogna v. Board of Ed. of Tp. of Cherry Hill*, 671 A.2d 1035, 1038-39 (N.J. 1996) (in following the majority rule that a plaintiff may not recover for litigation-induced stress as a separate component of damages, the court explained as follows:  "Both the state and federal cases reflect the view that because anxiety is an unavoidable consequence of the litigation process it does not form a separate basis for recovery against one's opponent.  Although the damages caused by the wrongful conduct induce the litigation, and hence the attendant stress, a plaintiff chooses to pursue litigation cognizant of both the economic and emotional costs that it will entail.").

It is anticipated the Plaintiffs will testify that this litigation has caused them stress, anxiety and depression. This kind of testimony is inadmissible because it addresses an alleged injury that is not compensable, and therefore, is not relevant to the Plaintiffs' *prima facie* case.

Tort liability arises only "where there is a clear showing that the insurer unreasonable, and in bad faith, withholds payment of the claim of its insured." *Christian v. American Home Assurance Co.*, 577 P.2d 899, 904, (Okla. 1977). Consistent therewith, the Oklahoma Supreme Court stated in *Skinner v. John Deere Ins. Co.*, 998 P.2d 1219 (Okla. 2000) that, because withholding payment is a necessary element of a claim for bad faith and refusing to pay a legitimate claim, the actions of an insurer after payment is made cannot be the basis of the bad faith claim." *Id.* at 1223.

The Tenth Circuit Court of Appeals in *Timberlake Construction Co. v. USF&G*, 71 F.3d 335, 340-41 (10th Cir. 1995) addressed the general question of whether an insurer's litigation conduct may be considered as evidence of bad faith. The Tenth Circuit reviewed Oklahoma's case law discussing bad faith claims and considered public policy concerns in making its determination that litigation conduct should rarely, if ever, be allowed to serve as proof of bad faith. The court in *Timberlake* reasoned that an insurer's litigation tactics and strategy in defending a claim are not relevant to the insurer's decision to deny coverage because once litigation has commenced, the actions taken in its defense are not probative of whether the insurer's denial of the claim was in bad faith.

Following the rationale of *Timberlake*, the Oklahoma Court of Appeals in *Sims v. Travelers Ins. Co.*, 16 P.3d 468 (Okla. App. 2000), found that post-suit litigation conduct could not be the basis for a bad faith action.  As such, evidence of litigation-induced distress is not probative of any claim at issue and is inadmissible. 12 O.S. § 2402.

Any testimony by the Plaintiffs that they have suffered emotional distress as a result of events that have occurred following the filing of the present lawsuit is improper and inadmissible for the reasons set forth above. Thus, any evidence of the Plaintiffs' litigation-induced stress should be excluded on grounds of relevance.

Respectfully submitted,

s/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
Bruce A. Robertson, OBA No. 13113
Matthew C. Kane, OBA No. 19502
Susan F. Kane, OBA No. 19455
RYAN WHALEY COLDIRON JANTZEN
 PETERS & WEBBER PLLC
400 North Walnut Avenue
Oklahoma City, Oklahoma  73104
Telephone:   405-239-6040
Facsimile:    405-239-6766
Email:    jerry@ryanwhaley.com
              brobertson@ryanwhaley.com
              mkane@ryanwhaley.com
              susanfkane@gmail.com
ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 7, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire
Keith F. Givens, Esquire
MANSELL ENGEL & COLE

s/ Gerard F. Pignato
For the Firm