# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

RUSS GODFREY and NATALIE
GODFREY,

           Plaintiffs,

v.

CSAA FIRE & CASUALTY
INSURANCE COMPANY,

           Defendant.

Case No: 5:19-cv-329 JD

## FINAL PRETRIAL REPORT

All counsel who will appear at trial:

| | |
|---|---|
| Appearing for Plaintiffs: | Steve S. Mansell, OBA #10584<br>Mark A. Engel, OBA #10796<br>Keith F. Givens, OBA #16501<br>**MANSELL ENGEL & COLE**<br>204 N Robinson Avenue, 21st Floor<br>Oklahoma City, OK 73102<br>T: (405) 232-4100 ** F: (405) 232-4140<br>Email: smansell@meclaw.net<br>       mengel@meclaw.net<br>       kgivens@meclaw.net |
| Appearing for Defendant: | Gerard F. Pignato, OBA #11473<br>Bruce A. Robertson, OBA #13113<br>Matthew C. Kane, OBA #19502<br>Susan F. Kane, OBA #19455<br>**RYAN, WHALEY, COLDIRON, JANTZEN, PETERS & WEBBER**<br>400 N. Walnut Avenue<br>Oklahoma City, OK 73104<br>T: (405) 239-6040 ** F: (405) 239-6766<br>Email: jerry@ryanwhaley.com<br>       brobertson@ryanwhaley.com<br>       mkane@ryanwhaley.com<br>       susanfkane@gmail.com |

**Jury Trial Demanded** ☑  -  **Non-Jury Trial** ☐

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

    Plaintiffs: The parties to this lawsuit are Russ Godfrey and Natalie Godfrey, Plaintiffs, and their homeowner's insurance company, CSAA Fire & Casualty Insurance Company, Defendant. The parties agree that Mr. and Mrs. Godfrey's homeowner's policy was in force at the time of a covered snow and ice storm in February of 2018.

    Following a snowstorm on or near February 22, 2018, Mr. and Mrs. Godfrey experienced leaking in their home over a family room and adjoining hallway. They called CSAA and a roofer who discovered that there was a large block of ice established on the flat section of roof over the areas that were leaking. The adjuster assigned by CSAA to inspect the property advised Mr. and Mrs. Godfrey that the roof edge was pulled away from the weight of ice and snow, and that the melting and refreezing of the snow and ice each day was causing the leaks inside their home. Their insurance company, the Defendant CSAA, refused coverage for the needed roof replacement claiming that the adjuster had determined that the damage to the roof was only normal wear and tear. Mr. and Mrs. Godfrey knew that this claim denial was improper because they had talked directly to the adjuster. However, the insurance company persisted in its refusal to pay for the roof replacement, again, directly claiming that the insurance adjuster had reported that the cause of loss was excluded normal wear and tear. Mr. and Mrs. Godfrey had to replace their storm damaged roof without any payments from CSAA. Mr. and Mrs. Godfrey bring breach of contract and bad faith claims to hold their insurance company accountable for its improper conduct in the denial of their claim. Mr. and Mrs. Godfrey assert that CSAA's actions were intentional in claiming facts that they knew were not true for the denial of this claim and that CSAA should be responsible for any damages resulting from this improper conduct. Plaintiffs also seek an award of punitive damages, if allowed by the Court, in order to deter such conduct and denials in the future.

    Defendant: Following wintry precipitation in February 2018, Plaintiffs' roof began to leak. Plaintiffs submitted a claim to CSAA in which they alleged the roof and certain interior locations in their home suffered damage as a result of ice damming on their roof. CSAA promptly and appropriately investigated Plaintiffs' claim and ultimately determined that the condition of Plaintiffs' *flat* roof was not a covered cause of loss under the policy. The photographs taken of Plaintiffs' roof in connection with this claim clearly reflect normal wear and tear and deterioration of the roof.

Plaintiffs allege that CSAA breached its contract with them by failing to pay all benefits owed under the Policy. Plaintiffs claim that CSAA was required to pay for a new roof. As stated above, CSAA's investigation revealed that the damage to Plaintiffs' flat roof was the result, at least in part, of normal wear and tear. Thus, as long as the condition of, or damage to, Plaintiffs' roof was caused, in part, by wear and tear and depreciation, there can be no coverage provided.

With respect to the Plaintiffs' bad faith claim, CSAA contends its investigation, handling, and evaluation of Plaintiffs' claims were at all times reasonable, thus barring Plaintiffs' bad faith claim. Further, a legitimate dispute exists as to the cause of loss and/or the value of Plaintiffs' claim, thus barring any claim by Plaintiffs against CSAA for bad faith.

With respect to Plaintiffs' bad faith claim, CSAA anticipates it will prevail on a Rule 50 Motion for Judgment as a Matter of Law.

2. **JURISDICTION**. The basis on which the jurisdiction of the Court is invoked.

   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties and Plaintiff contends the amount in controversy exceeds $75,000.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

   A. At all times material hereto Plaintiffs, Russ Godfrey and Natalie Godfrey were insured under a CSAA Fire & Casualty Insurance Company policy (No. HO3 – 000328693).

   B. Plaintiffs' premiums for said policy were fully paid at all times material hereto.

4. **LEGAL ISSUES**. State separately, and by party, each disputed legal issue and the authority relied upon.

   A. Whether Defendant breached the terms of Plaintiffs' homeowner policy through its denial of benefits claimed by Plaintiffs.

   B. Whether Defendant violated its duty of good faith and fair dealing to Plaintiffs through its investigation, handling or denial of Plaintiffs' claim.

   C. If Defendant violated its duty of good faith and fair dealing to Plaintiffs, whether Plaintiffs suffered any compensable injuries or damages as a result thereof.

    D.    Whether the Plaintiffs, Russ Godfrey and Natalie Godfrey, are entitled to one set of damages from Defendant in connection with Plaintiffs' claims of breach of contract and bad faith, or whether Plaintiffs are each entitled to recover damages, separately, in connection with their claims for breach of contract and bad faith.

5.    **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    A.    <u>Plaintiffs</u>

| **Damages** | **Applicable Statutes, Ordinances and Common Law Relied Upon** |
| --- | --- |
| Defendant breached the terms of Plaintiffs' homeowner policy through its denial of benefits claimed by Plaintiffs. Seeking Policy benefits and loss of policy benefits. | 23 O.S. §21 |
| Defendant violated its duty of good faith and fair dealing to Plaintiffs through its investigation, handling or denial of Plaintiffs' claim. Seeking all incidental and consequential damages, including damages for mental anguish, frustration and embarrassment to Plaintiffs. | *Christian v. American Home Assurance Co.,* 577 P. 2d 899, 1977 OK 141, 23 O.S. §61 |
| Punitive damages. | 23 O.S. §9.1 |

    B.    <u>Defendant</u>

| **Damages** | **Applicable Statutes, Ordinances and Common Law Relied Upon** |
| --- | --- |
| The loss complained of by Plaintiffs was caused, at least in part, by an excluded cause of loss under the CSAA policy. Thus, CSAA did not breach its contract with Plaintiffs by refusing to pay the full amount of the benefits demanded by Plaintiffs. | |

| **Damages** | **Applicable Statutes, Ordinances and Common Law Relied Upon** |
|---|---|
| CSAA's investigation, handling, and evaluation of Plaintiffs' property damage claim was reasonable, thus barring Plaintiffs' bad faith claim. | |
| A legitimate dispute exists with respect to the cause of the damage to and/or condition of Plaintiffs' roof, as well as the amount of loss, thus barring Plaintiffs' bad faith claim. | |
| Plaintiffs have failed to mitigate their property damage. | |
| Plaintiffs have failed to demonstrate that a more thorough investigation by Defendant would have produced a different outcome, one more favorable to the Plaintiffs; accordingly, Plaintiffs' bad faith theory based on an alleged inadequate investigation necessarily fails.<br><br>Plaintiffs object that this contention was not pled or otherwise asserted until now, right before trial, and well after the discovery deadline. | |
| The condition of, or damage to, Plaintiffs' roof was caused, at least in part, by an excluded cause of loss under the policy. Accordingly, as long as any part of the loss was caused by an excluded cause of loss, regardless of the amount, degree, or percentage of the excluded cause of loss, no contract benefits are owed.<br><br>Plaintiffs object that this contention was not pled or otherwise asserted until now, right before trial, and well after the discovery deadline. | |

6. **EXHIBITS**.  The following exclusionary language **MUST** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

   A. <u>Plaintiffs</u>:

| No. | Title/Description | Obj. Y/N | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1. | Certified copy of insurance policy issued to Plaintiffs by Defendant (CSAA_GODFREY 1, 3, 567-668) | | |
| 2. | Claim file notes (CSAA_GODFREY 536-566) | Y | If Plaintiffs' bad faith claim goes to the jury, CSAA has no objection to this exhibit. However, if CSAA's Motion for Judgment as a Matter of Law is granted with respect to Plaintiffs' bad faith claim, CSAA objects to this exhibit on grounds of 402 and 403 and requests that this exhibit not be taken back to the deliberation room at the conclusion of the case. |
| 3. | CSAA 02/26/18 letter (GODFREY 1-6) | Y | If Plaintiffs' bad faith claim goes to the jury, CSAA has no objection to this exhibit. However, if CSAA's Motion for Judgment as a Matter of Law is granted with respect to Plaintiffs' bad faith claim, CSAA objects to this exhibit on grounds of 402 and 403 and requests that this exhibit not be taken back to the deliberation room at the conclusion of the case. |

| No. | Title/Description | Obj. Y/N | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 4. | US Adjusting Loss Report (CSAA_GODFREY 386-387) * | Y | 402, 403, and 801, *et seq.* |
| 5. | US Adjusting photos (CSAA_GODFREY 388-450) * | Y | 402, 403, and 801, *et seq.* |
| 6. | US Adjusting estimate (CSAA_GODFREY 313-322) * | Y | 402, 403, and 801, *et seq.* |
| 7. | US Adjusting Loss Report * (CSAA_GODFREY 199-200) | Y | 402, 403, and 801, *et seq.* |
| 8. | US Adjusting estimate * (CSAA_GODFREY 118-128) | Y | 402, 403, and 801, *et seq.* |
| 9. | US Adjusting invoice * (CSAA_GODFREY 506) | Y | 402, 403, and 801, *et seq.* |
| 10. | Sayde Brooks 03/13/18 letter (CSAA_GODFREY 489-490) | Y | If Plaintiffs' bad faith claim goes to the jury, CSAA has no objection to this exhibit. However, if CSAA's Motion for Judgment as a Matter of Law is granted with respect to Plaintiffs' bad faith claim, CSAA objects to this exhibit on grounds of 402 and 403 and requests that this exhibit not be taken back to the deliberation room at the conclusion of the case. |
| 11. | Sayde Brooks 03/14/18 letter with Costello's estimate (CSAA_GODFREY 491-502) | Y | If Plaintiffs' bad faith claim goes to the jury, CSAA has no objection to this exhibit. However, if CSAA's Motion for Judgment as a Matter of Law is granted with respect to Plaintiffs' bad faith claim, CSAA objects to this exhibit on |

| No. | Title/Description | Obj. Y/N | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | grounds of 402 and 403 and requests that this exhibit not be taken back to the deliberation room at the conclusion of the case. |
| 12. | Sayde Brooks 03/14/18 letter with Costello's estimate (GODFREY 9-20) | Y | If Plaintiffs' bad faith claim goes to the jury, CSAA has no objection to this exhibit. However, if CSAA's Motion for Judgment as a Matter of Law is granted with respect to Plaintiffs' bad faith claim, CSAA objects to this exhibit on grounds of 402 and 403 and requests that this exhibit not be taken back to the deliberation room at the conclusion of the case. |
| 13. | CSAA check (CSAA_GODFREY 503) * | Y | If Plaintiffs' bad faith claim goes to the jury, CSAA has no objection to this exhibit. However, if CSAA's Motion for Judgment as a Matter of Law is granted with respect to Plaintiffs' bad faith claim, CSAA objects to this exhibit on grounds of 402 and 403 and requests that this exhibit not be taken back to the deliberation room at the conclusion of the case. |
| 14. | Ultimate Roofing photos (CSAA_GODFREY 511-522) * | Y | 402, 403, and 801, *et seq.* |
| 15. | Ultimate Roofing emails * (CSAA_GODFREY 523) | Y | 402, 403, and 801, *et seq.* |

| No. | Title/Description | Obj. Y/N | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 16. | Ultimate Roofing invoice (GODFREY 28) * | Y | 402, 403, and 801, *et seq.* |
| 17. | Ultimate Roofing photos (GODFREY 42-55) * | Y | 402, 403, and 801, *et seq.* |
| 18. | Ultimate Roofing estimate (GODFREY 56-63) * | Y | 402, 403, and 801, *et seq.* |
| 19. | Ultimate Roofing invoice (GODFREY 105) * | Y | 402, 403, and 801, *et seq.* |
| 20. | GreenSky loan statement (GODFREY 88) * | Y | 402, 403, and 801, *et seq.* |
| 21. | Allen Lippoldt letter and summary of phone conversations (GODFREY 77-86, 89-104) * | Y | 402, 403, and 801, *et seq.* |
| 22. | Sayde Brooks email (GODFREY 109) | Y | If Plaintiffs' bad faith claim goes to the jury, CSAA has no objection to this exhibit. However, if CSAA's Motion for Judgment as a Matter of Law is granted with respect to Plaintiffs' bad faith claim, CSAA objects to this exhibit on grounds of 402 and 403 and requests that this exhibit not be taken back to the deliberation room at the conclusion of the case. |
| 23. | Phone recordings by Ultimate Roofing * | Y | 402, 403, and 801, *et seq.* |
| 24. | Butler Roofing & Construction bill (GODFREY 29-30) * | Y | 402, 403, and 801, *et seq.* |
| 25. | Butler Roofing & Construction invoices (GODFREY 21-24) * | Y | 402, 403, and 801, *et seq.* |
| 26. | Videos of roof leaking into interior | | |

| No. | Title/Description | Obj. Y/N | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 27. | Mathis Brothers invoice (GODFREY 107-108) * | Y | 402, 403, and 801, *et seq.* |
| 28. | CSAA's 2017 annual statement * | Y | 402 and 403. |
| 29. | Structural Property Estimating Guidelines (CSAA_GODFREY 01680-01713) * | Y | 402 and 403. |
| 30. | Structural Property Estimating Guidelines (CSAA_GODFREY 01714-01732) * | Y | 402 and 403. |
| 31. | Structural Property Estimating Guidelines (CSAA_GODFREY 01733-01781) * | Y | 402 and 403. |
| 32. | Structural Property Estimating Guidelines (CSAA_GODFREY 01782-01812) * | Y | 402 and 403. |
| 33. | Structural Property Estimating Guidelines (CSAA_GODFREY 01813-01846) * | Y | 402 and 403. |
| 34. | Structural Property Estimating Guidelines (CSAA_GODFREY 01847-01874) * | Y | 402 and 403. |
| 35. | Claim handling bulletins and documents (CSAA_GODFREY 02047-02092) * | Y | 402 and 403. |
| 36. | Defendant's responses to Plaintiffs' Interrogatories | Y | Vague; unidentified. |
| 37. | Defendant's responses to Plaintiffs' Requests for Production | Y | Vague; unidentified. |
| 38. | All Defendant's exhibits except those objected to at trial. | Y | Vague; this is a state court description; 402, 403, and 801, *et seq.* |

**\* Defendant: This exhibit has been identified for the first time in this Final Pretrial Report. It was not specifically identified in Plaintiffs' Preliminary or Final Exhibit Lists in this case, and Plaintiffs did not seek leave of court to list these exhibits for the first time here. Therefore, Defendant objects to any reference to or use of these exhibits at trial.**

**Plaintiffs' response: The documents to which Defendant objects had not been produced when Plaintiffs' Final Exhibit List had to be filed. Furthermore, most of the documents to which Defendant objects were produced by Defendant long after Plaintiffs requested such documents in discovery. No surprise or prejudice is possible since Defendant has possessed all of the documents at issue for two months or longer.**

B.  <u>Defendant</u>:

(Premarked for trial and exchanged as required under LCvR 39.4(a))

| No. | Title/Description | Obj. Y/N | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1. | Certified copy of insurance policy issued to Plaintiffs, including declarations pages and all endorsements. (CSAA_GODFREY 00001-00004; 00567-00780) | | |
| 2. | CSAA claim notes. (CSAA_GODFREY 00536-00566) **\*** | | |
| 3. | All remaining portions of the CSAA claim file. (CSAA_GODFREY 00005-00535) **\*** | Y | Plaintiffs object to this "bulk" listing which is vague and lacks the requisite specificity for a trial exhibit list. |

**\* <u>Defendant</u>: If this exhibit is admitted into evidence, CSAA requests that the jury not be allowed to consider it during the jury's deliberations if the Court grants Defendant's Rule 50 Motion for Judgment as a Matter of Law.**

7.  **WITNESSES**: The following exclusionary language **MUST** be included:

   Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

   A.  <u>Plaintiffs</u>:

| No. | Name and Address | Testimony |
|---|---|---|
| 1. | Russ Godfrey<br>c/o Mansell Engel & Cole<br>204 N Robinson Avenue, 21st Floor<br>Oklahoma City, OK 73102 | Deposed; purchase of insurance; ice damage to roof, interior leaks, cost of repair, denial of claim, unreasonableness of denial and underpayment, representations of Defendant's adjusters. |
| 2. | Natalie Godfrey<br>c/o Mansell Engel & Cole<br>204 N Robinson Avenue, 21st Floor<br>Oklahoma City, OK 73102 | Deposed; purchase of insurance; ice damage to roof, interior leaks, cost of repair, denial of claim, unreasonableness of denial and underpayment, representations of Defendant's adjusters. |
| 3. | Sayde Brooks, Claims Adjuster *<br>c/o Jerry Pignato<br>400 N Walnut Avenue<br>Oklahoma City, OK 73104 | Deposed; Inspections and estimates performed at Defendant's request; guidelines, rules and restrictions applicable to work performed at Defendant's request; revenue sought or received from work performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |
| 4. | Mark Costello, Claims Adjuster *<br>c/o Jerry Pignato<br>400 N Walnut Avenue<br>Oklahoma City, OK 73104 | Deposed; Inspections and estimates performed at Defendant's request; guidelines, rules and restrictions applicable to work performed at Defendant's request; revenue sought or received from work performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |

| No. | Name and Address | Testimony |
|---|---|---|
| 5. | Alana Hare, Claims Adjuster *<br>c/o Jerry Pignato<br>400 N Walnut Avenue<br>Oklahoma City, OK 73104 | Deposed; Inspections and estimates performed at Defendant's request; guidelines, rules and restrictions applicable to work performed at Defendant's request; revenue sought or received from work performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |
| 6. | Michael White, Adjuster<br>US Adjusting Services<br>4090 S. Regent<br>Wichita Falls, TX 76308 | Inspections and estimates performed at Defendant's request; guidelines, rules and restrictions applicable to work performed at Defendant's request; revenue sought or received from work performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |
| 7. | Allen Lippoldt<br>Ultimate Roofing and Construction<br>4321 SE 33rd Street<br>Oklahoma City, OK 73115 | Deposed; Observations of damage on roof, cost of repairs, conversations with adjusters and Plaintiffs. |
| 8. | Sean Wiley<br>JW Construction Management<br>237 NW 60th, Suite A<br>Oklahoma City, OK 73118 | Issues and opinions referenced in report produced on October 21, 2019 per Scheduling Order [Doc. 15]. Expert witness construction costs. |
| 9. | Witness needed for rebuttal of issues or evidence introduced by Defendant ** | |
| 10. | Witnesses identified by Defendant to whom Plaintiffs do not object ** | |

\*  - CSAA's counsel does not agree to accept a trial subpoena for this witness.

\*\* - CSAA objects to any unidentified witnesses.

    B.    <u>Defendant</u>:

| No. | Name and Address | Testimony |
|---|---|---|
| 1. | Russ Godfrey<br>c/o Mansell Engel & Cole<br>204 N Robinson Avenue, 21st Floor<br>Oklahoma City, OK 73102 | Deposed; all relevant issues; insurance policies issued on subject property; investigation and handling of subject claims; prior claims and lawsuits. |
| 2. | Natalie Godfrey<br>c/o Mansell Engel & Cole<br>204 N Robinson Avenue, 21st Floor<br>Oklahoma City, OK 73102 | Deposed; all relevant issues; insurance policies issued on subject property; investigation and handling of subject claims. |
| 3. | Sayde Brooks, Claims Adjuster<br>CSAA Fire & Casualty Insurance Co.<br>3100 Quail Springs Parkway<br>Oklahoma City, Oklahoma 73134 | Deposed; investigation and handling of Plaintiffs' claim. |
| 4. | Mark Costello, Claims Adjuster<br>CSAA Fire & Casualty Insurance Co.<br>3312 West Charleston Boulevard<br>Las Vegas, Nevada 89102 | Deposed; investigation and handling of Plaintiffs' claim. |
| 5. | Alana Hare, Claims Adjuster<br>CSAA Fire & Casualty Insurance Co.<br>3100 Quail Springs Parkway<br>Oklahoma City, Oklahoma 73134 | Deposed; investigation and handling of Plaintiffs' claim; CSAA's claim handling policies and procedures. |
| 6. | Michael White, Independent Adjuster<br>US Adjusting Services<br>4090 South Regent<br>Wichita Falls, Texas 76308 | Inspections and estimates performed; method of compensation; discussion of what an independent adjuster does. |
| 7. | Stephen Butler, Claims Adjuster<br>CSAA Fire & Casualty Insurance Co.<br>3100 Quail Springs Parkway<br>Oklahoma City, Oklahoma 73134 | Investigation and handling of Plaintiffs' claim.; CSAA claim handling policies and procedures. |

8. **ESTIMATED TRIAL TIME**:

    A.   Plaintiff's Case:   <u>3 days</u>

    B.   Defendant's Case:   <u>½ - 1 day</u>

9. **BIFURCATION REQUESTED**:   Yes_____   No___X___

10. **POSSIBILITY OF SETTLEMENT**:   Good_____   Fair_____Poor_____X___

All parties approve this report and understand and agree that this report supersedes

14

all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

By: s/ Keith F. Givens
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Keith F. Givens, OBA #16501
**MANSELL ENGEL & COLE**
204 North Robinson Avenue, 21st Floor
Oklahoma City, OK 73102-7001
T: (405) 232-4100 ** F: (405) 232-4140
Email: smansell@meclaw.net
mengel@meclaw.net kgivens@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**

s/Gerard F. Pignato
Gerard F. Pignato, OBA #11473
Bruce A. Robertson, OBA #13113
Matthew C. Kane, OBA #19502
Susan F. Kane, OBA #19455
**RYAN WHALEY COLDIRON**
   **JANTZEN PETERS & WEBBER PLLC**
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
Telephone:   405-239-6040
Facsimile:   405-239-6766
Email: jerry@ryanwhaley.com
brobertson@ryanwhaley.com
mkane@ryanwhaley.com
susanfkane@gmail.com

**ATTORNEYS FOR DEFENDANT**