## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSS GODFREY and<br>NATALIE GODFREY,<br><br>     Plaintiffs,<br><br>v.<br><br>CSAA FIRE & CASUALTY<br>INSURANCE COMPANY,<br>a foreign corporation,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No.:  CIV-19-329-JD<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S MOTION *IN LIMINE* NO. 11

### *INADMISSIBILITY OF TESTIMONY AND ARGUMENT THAT (1) INDEPENDENT ADJUSTER MICHAEL WHITE WAS AN EMPLOYEE OR AGENT OF DEFENDANT CSAA, AND (2) THAT CSAA HAD ANY EXPRESS, IMPLIED, INCIDENTAL, OR APPARENT AUTHORITY OVER INDEPENDENT ADJUSTER MICHAEL WHITE*

Defendant, CSAA Fire & Casualty Insurance Company ("CSAA"), moves this Court for an Order *in Limine* prohibiting the Plaintiffs, and their counsel, from testifying or arguing – and instructing the Plaintiffs' counsel to direct the Plaintiffs' witnesses, not to mention, refer to, or convey to the jury, in any manner – that Independent Adjuster Michael White ("IA White") was an agent or employee of CSAA in any capacity or that CSAA had any authority over IA White at all times relevant to this lawsuit.  It is anticipated that Plaintiffs, their counsel, and/or their witnesses, may attempt to improperly infer, argue, or testify that IA White was an agent and/or employee of CSAA, and/or that CSAA exercised control over IA White in a manner similar to those entities that share an employer/employee or principal/agent relationship simply because IA White conducted an investigation, paid for

by CSAA, of the Godfrey's property claim.  Such inference, argument, or testimony is incorrect as a matter of fact and law, highly inflammatory, and, if allowed at trial, unfairly prejudicial to CSAA.

**BRIEF IN SUPPORT**

1.   ***IA White was not an employee of CSAA when he independently inspected the Plaintiffs' property damage claim.***

In Oklahoma, "an employer-employee relationship 'is created by contract, either express or implied, or by the unequivocal acts of the parties recognizing the relationship.'" *Macsuga v. Moreno*, 2003 OK 24, ¶5, 66 P.3d 409, 411 (quoting *Beall v. Altus Public School Dist.*, 1981 OK 93, ¶ 8, 632 P.2d at 403).  IA White worked for U.S. Adjusting, not CSAA, at all times relevant to this lawsuit, and it was through U.S. Adjusting that IA White independently inspected the Plaintiffs' subject home.  (*See* Letter dated March 13, 2018, from Sayde Brooks to Russ Godfrey, CSAA_GODFREY 00489-90, **EXHIBIT 1** ("In investigating the cause of damage, we contacted Independent Adjuster Michael White with US Adjusting to assess the damage to your property").

While CSAA will not belabor this Court with an attempt to provide more evidence to "prove a negative" (*i.e.*, prove that IA White did <u>not</u> work for CSAA as an employee), CSAA asserts to this Court that Plaintiffs have not, and cannot, produce any evidence, testimonial or otherwise, showing that IA White was an employee of CSAA at any time relevant to this lawsuit.  As such, the Plaintiffs and their counsel and witnesses must be precluded from alleging, inferring, or arguing that IA White was an employee of CSAA at any time relevant

2

to this lawsuit.  Such testimony and argument would include, but not be limited to, stating that IA White "worked for" CSAA.

> **2.** ***IA White was not an agent of CSAA when he independently inspected the Plaintiffs' home and wrote a report regarding his inspection.***

It is anticipated the Plaintiffs may argue that IA White acted as an agent of CSAA, with CSAA acting as the principal, when IA White inspected the Plaintiffs' property damage claim and wrote his report detailing the same.  An agency relationship cannot be "presumed," but must be proved by the party asserting such a relationship.  *Estate of King v. Wagoner County Bd. Of Com'rs*, 2006 OK CIV APP 118, ¶27, 146 P.3d 833, 840 (citing *Enterprise Mgmt. Consultants, Inc. v. State ex rel. Okla. Tax Comm'n*, 1988 OK 91, ¶ 5, 768 P.2d 359, 362).  To so prove, a party alleging such a relationship must show that the two parties in the alleged agency/principal relationship "agree one is to act <u>for</u> the other. *Id.* (quoting *McGee v. Alexander*, 2001 OK 78, ¶ 29, 37 P.3d 800, 807) (emphasis added).

Certainly, there is no evidence, because none exists, that IA White and CSAA agreed that IA White would act <u>for</u> CSAA as its agent.  To the contrary, the evidence is clear that IA White independently inspected the Plaintiffs' property damage claim, submitted a report to CSAA regarding his findings, and then CSAA made its own decision on how to handle the Plaintiffs' claim. (*See* Deposition of Sayde Brooks, taken 12/20/2019, ll. 89:5-13, **EXHIBIT 2**) (showing that CSAA made the determination of how to handle the Plaintiffs' claim, not IA White, and further showing that U.S. Adjusting, not CSAA, decided to send out IA Michael White to independently investigate Plaintiffs' claim.)

**3.**     ***When IA White inspected the Plaintiffs' claim and wrote his report regarding the same, CSAA had no authority over IA White.***

The sole authority to approve or deny Plaintiffs' property damage claim rests with CSAA, not IA White.  There is nothing in the evidence relating to this case that shows CSAA had any authority over what IA White when he inspected their property damage claim.  IA White was not CSAA' agent, employee, or anything other than its independent adjuster. "Apparent authority results from a manifestation by the principal to a third person that another in his agent." *Stephens v. Yamaha Motor Co., Ltd., Japan*, 1981 OK 42, ¶8, 627 P.2d 439, 441.  CSAA never manifested or implied to the Plaintiffs that IA White was its agent. Similarly, because IA White was not an agent of CSAA, no implied authority was presented to the Plaintiffs that whatever IA White said or did was as if CSAA had acted or done the same. *See Serman v. Unigard Mut. Ins. Co.*, 504 F.2d 33, 35-6 (10th Cir. 1974) ("[i]n order that an implied or incidental authority may exist, it must appear that the act to be done is proper, necessary or usual in order to  promote the duty or to carry out the purpose expressly delegated to the <u>agent</u>") (emphasis added).

C<small>ONCLUSION</small>

For all the reasons stated above, CSAA requests this Court to grant the present Motion *in Limine* and preclude Plaintiffs, their counsel and witnesses, from alleging, inferring, or arguing that independent adjuster Michael White was an employee, agent, or acting with CSAA's authority when he independently investigated Plaintiffs' claim and wrote his report regarding the same.

Respectfully submitted,


s/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
Bruce A. Robertson, OBA No. 13113
Matthew C. Kane, OBA No. 19502
Susan F. Kane, OBA No. 19455
RYAN WHALEY COLDIRON JANTZEN
  PETERS & WEBBER PLLC
400 North Walnut Avenue
Oklahoma City, Oklahoma  73104
Telephone:    405-239-6040
Facsimile:    405-239-6766
Email:  jerry@ryanwhaley.com
          brobertson@ryanwhaley.com
          mkane@ryanwhaley.com
          susanfkane@gmail.com
**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire
Keith F. Givens, Esquire
MANSELL ENGEL & COLE


s/ Gerard F. Pignato
For the Firm