IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSS GODFREY and<br>NATALIE GODFREY,<br><br>    Plaintiffs,<br><br>v.<br><br>CSAA FIRE & CASUALTY<br>INSURANCE COMPANY,<br>a foreign corporation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.: CIV-19-329-JD<br>)<br>)<br>)<br>)<br>)<br>) |

# DEFENDANT'S MOTION *IN LIMINE* NO. 12

### *ANY REFERENCE TO CSAA'S CLAIM HANDLING GUIDELINES IS INADMISSIBLE*

The Defendant, CSAA Fire & Casualty Insurance Company ("CSAA"), submits its twelfth Motion *in Limine* in the above case regarding the inadmissibility of any reference to CSAA claim handling guidelines and claim bulletins.

Claims manuals and guidelines do not establish standards of care for bad faith purposes. CSAA's liability for bad faith must be determined according to Oklahoma law. In most instances, insurance companies' claim manuals, guidelines, or best practices are aspirational ideals: they do not constitute standards of care and a failure to meet or to comply with them provides no basis for imposing liability. "Bad faith and negligence are not synonymous." *Peters v. American Income Life Ins. Co.*, 2003 OK CIV APP 62, ¶ 38 77 P.3d 1090. *See also Zappile v. Amex Assur. Co.*, 928 Atl.2d 251, 258 (Pa. Super. 2007) (Insured argued that insurer was guilty of bad faith because the insurer had not made any partial payments and the claims manual required that such payments be made. The Court rejected the argument because it was the law that controlled, not the claims manual, and the

law did not create a legal duty to make a partial payment); *Lincoln General Ins. Co. v. Access Claims Adm'rs, Inc.*, 596 F.Supp.2d 1351, 1368 (E.D. Cal. 2009) (Failure to follow manual did not even constitute a breach of contract, since the insurance contract did not require the insurer to follow the manual); *Fichtel v. Board of Directors of Rivershore of Naperville Condominium Ass'n*, 907 N.E.2d 903, 910 (Ill. App. 2009) (Where the law does not impose a duty, one will not generally be created by Defendant's rules or internal guidelines); *State Farm v. Balmer*, 891 F.2d 874, 877 (11th Cir. 1990) (Insurer did not act in bad faith even though it had "failed to follow in-house rules concerning the investigation of fire losses," since by the end of its investigation, it had learned of facts that constituted a debatable reason for denying the claim); *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1110 (9th Cir. 2011) (Court did not allow insured to introduce evidence that Allstate violated its own procedures because it was not material); *Singleton v. State Farm Fire & Cas. Co.*, 928 So.2d 280 (Ala. 2005) (lack of strict compliance with the letter of the State Farms claims manual might indicate poor judgment or negligence, but not bad faith).

As the Tenth Circuit recently held in *Johnson v. Liberty Mutual Ins. Co.*, 648 F.3d 1162, 1166 (10th Cir. 2011):

> When you violate a corporate policy, you may well be in trouble with your boss, but that doesn't necessarily mean you have committed a tort.  Our role as a court of law is not to enforce private corporate policy, but to assess public legal liability.  And the Johnsons never show how, in this case, the existence of the one (the corporate retention policy) might be evidence of a violation of the other (the law).

For the above reasons, this evidence should be excluded pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

Respectfully submitted,

s/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
Bruce A. Robertson, OBA No. 13113
Matthew C. Kane, OBA No. 19502
Susan F. Kane, OBA No. 19455
RYAN WHALEY COLDIRON JANTZEN
 PETERS & WEBBER PLLC
400 North Walnut Avenue
Oklahoma City, Oklahoma  73104
Telephone:    405-239-6040
Facsimile:    405-239-6766
Email:   jerry@ryanwhaley.com
            brobertson@ryanwhaley.com
            mkane@ryanwhaley.com
            susanfkane@gmail.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire
Keith F. Givens, Esquire
MANSELL ENGEL & COLE

s/ Gerard F. Pignato
For the Firm