**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RUSS GODFREY and ) | |
| NATALIE GODFREY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | Case No.: CIV-19-329-JD |
| ) | |
| CSAA FIRE & CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| a foreign corporation, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT, CSAA FIRE & CASUALTY INSURANCE COMPANY'S**
**PROPOSED VOIR DIRE OF JURORS**

The Defendant, CSAA Fire & Casualty Insurance Company ("CSAA"), respectfully requests that the Court question the jury panel as set forth below. CSAA further requests that in the event any prospective juror indicates he/she has a problem with insurance companies based on a prior experience, then CSAA requests that the Court call that person to the bench for additional questioning by the Court and counsel outside the presence of the remaining jurors.

### DESCRIPTION OF THE CASE

Plaintiffs were members of AAA (the auto club). Through AAA, Plaintiffs purchased homeowner's insurance from CSAA (California State Automobile Association).

In this case, Plaintiffs sued CSAA for breach of contract and bad faith based on CSAA's investigation and handling of Plaintiffs' roof claim. Plaintiffs contend the roof of their house suffered damage due to a covered cause of loss. CSAA denies Plaintiffs'

property claim arises from a covered cause of loss.  CSAA contends the condition of Plaintiffs' roof is due to excluded causes of loss.

1. **<u>Familiarity With the Case.</u>**

    a. Do you, any members of your immediate family, or close personal friends have any knowledge of any kind regarding this lawsuit, other than what has been told to you here today?

    b. Have you seen, read, or heard anything about this case in any newspaper, magazine, television, or radio?

    c. Have you read or heard anything about this case from any source?

2. **<u>Familiarity With the Parties, Counsel, or Potential Witnesses.</u>**

    a. Have you or any relative or close friend ever worked for, been employed by, or had any business association with CSAA of AAA?

    b. Have you or any relative or close friend ever worked for or had any business dealings with CSAA or AAA, or any company associated with CSAA or AAA?  If yes, has your experience with either company affected your ability to render an impartial verdict in this case?

    c. Have you or any relative or close friend ever been insured by CSAA?  If yes, has your experience with CSAA affected your ability to render an impartial verdict in this case?

    d. Have you or any relative or close friend ever been dissatisfied with the manner in which CSAA treated you, your business, a family member, or a friend?

e. Have you or any relative or close friend ever had any problems, concerns, disputes, or unpleasant dealings or business with CSAA or with any company or person affiliated with CSAA?

f. The lawyers representing CSAA are Jerry Pignato and Matthew Kane of RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC in Oklahoma City, Oklahoma. The lawyers representing the Plaintiffs, Russ Godfrey and Natalie Godfrey, are Mark Engel and Keith Givens of MANSELL ENGEL & COLE of Oklahoma City.

   i. Do you know any of these lawyers, or anyone who works at their law firms?

   ii. Have you or any of your relatives or close friends worked for or applied for a job with any of these lawyers or law firms?

   iii. Have you or any of your relatives or close friends ever been represented by any of these lawyers or law firms or been involved in any legal matter in which any of these lawyers or law firms represented another party?

g. The following persons may be called as witnesses or referred to during this trial. Please raise your hand if you know or have had any contact or association, personal or professional, with any of these persons or organizations:

| Name & Address |
| --- |
| Russ Godfrey |
| Natalie Godfrey |
| Sayde Brooks |

| Name & Address |
|---|
| Mark Costello |
| Alana Hare |
| Michael White |
| Grace McCay |
| Steve Butler |
| Allen Lippoldt |

3. **Education, Training, Employment, and Other Experience.**

   a. Do you, any close friend, or any relative have any experience or special training in the insurance business?

   b. Do you, any close friend, or any relative have any experience or special training in the construction or roofing industry?

   c. Are you, or any relative or close friend, a lawyer?

   d. Are you, or any relative or close friend, a judge, law clerk, law student, legal intern, court attendant, clerk, or part of the court's personnel?

   e. Have you, or any relative or close friend, had any legal training or experience?

   f. Have you, or any relative or close friend, ever worked at a law firm or for a lawyer in any capacity?

   g. Have you or any of your relatives or close friends ever settled a lawsuit to which you were a party?

   h. Have you or any of your relatives or close friends ever been in any kind of a dispute with an insurance company?

      i.        Have you ever had a negative experience with an insurance company?

**4.**     **<u>Experience With the Legal System.</u>**

    a.        Have you ever served as a juror before? If so, please indicate:

           i.        The number of times;

           ii.       The dates of service;

           iii.      The type of case;

           iv.      Whether the verdict was for the Plaintiff or the Defendant;

           v.       Whether you served as the foreperson; and

           vi.      Whether your prior jury service might interfere with your ability to return a fair and just verdict in this case.

    b.        Do you know any other member of the jury panel?

    c.        Have you or any relative or close friend ever sued anyone or presented a claim against anyone? If so:

           i.        Please state the type of case or proceeding and your role in it.

           ii.       Is there anything about that experience that would prevent you from being fair to all parties in this case?

    d.        Have you, or any relative or close friend, ever been sued? If so:

           i.        Please state the type of case or proceeding and your role in it.

           ii.       Is there anything about that experience that would prevent you from being fair to all parties in this case?

    e.        Have you ever appeared as a witness, given testimony in court, or been deposed?

5. **<u>Bias, Prejudice, and Ability to Serve.</u>**

   a. Do you have any feelings either for or against insurance companies that would in any way affect your view in this case or make you more or less inclined to find in favor of either party?

   b. Do you believe that you may have difficulty in following the rule of law that your verdict may not be based on suspicion, guesswork, or assumptions, but that you must carefully consider all of the evidence and be convinced by the preponderance of the evidence?

   c. The Court will instruct you that, in arriving at a verdict, you must not be motivated by sympathy for or prejudice against any party, but that you must base your verdict solely on the evidence that will be produced in this courtroom in light of the Court's legal instructions.  Are you unwilling or unable to follow such a rule?

   d. Do you feel that you could follow the Court's instructions on the law governing this case, even though you might have a differing personal view as to what the law should be?

   e. During the course of this case, you will be instructed that you are not to read any newspaper coverage or watch or listen to any other media coverage about the case or about any issues or stories that may be related to the case.  You also will be instructed that you may not speak with anyone about the case and that you cannot have any contact with any of the lawyers about the case.  Do you

      have any reason why you may be unable or unwilling to follow those instructions?

f. Do you have any reason to believe that you might be prejudiced or biased either for or against either party to this litigation?

g. Do you have any negative feelings regarding lawsuits in general?

h. Do you understand that the mere fact that someone files a lawsuit does not mean that lawsuit has merit?

i. It is estimated that the trial of this case will take approximately 3 days. In light of this, do you have any substantial reason why you could not serve as a member of the jury in this case?

j. Do you have any physical condition that makes it:

    i. Uncomfortable to sit for a long period of time?

    ii. Difficult to hear what is going on the courtroom?

    iii. Difficult to see exhibits or other pieces of evidence that may be used during the trial?

    iv. Some other type of physical problem that might interfere with your ability to concentrate on the case and what is going on in the courtroom?

k. Do you have any type of personal problems or other pressing matters of concern that would make it difficult or impossible for you to concentrate on what is going on during the trial because your mind would be elsewhere?

l. Have you, a family member, or close friend, ever repaired or replaced your roof?

m. Have you, a family member, or close friend, had any experience with roofers?

    i. If so, please explain.

    ii. Would your experience in this regard affect your ability to render an impartial verdict in this case?

n. Have you or any relative or close friend ever made a claim to your homeowner's insurance company in which you claimed your roof was damaged by ice, hail or wind? If so, please explain.

o. If you were selected as a juror in this case, do you know of any reason why you could not sit as an impartial juror?

p. Do you have any reason whatsoever why you would prefer not to serve as a juror in this case? If so, what is that reason?

Respectfully submitted,

s/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
Bruce A. Robertson, OBA No. 13113
Matthew C. Kane, OBA No. 19502
Susan F. Kane, OBA No. 19455
RYAN WHALEY COLDIRON JANTZEN
 PETERS & WEBBER PLLC
400 North Walnut Avenue
Oklahoma City, Oklahoma  73104
Telephone:   405-239-6040
Facsimile:   405-239-6766
Email:   jerry@ryanwhaley.com
        brobertson@ryanwhaley.com
        mkane@ryanwhaley.com
        susanfkane@gmail.com
**ATTORNEYS FOR DEFENDANT,**
**CSAA FIRE & CASUALTY INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire
Keith F. Givens, Esquire
MANSELL ENGEL & COLE

                                              s/ Gerard F. Pignato
                                              For the Firm