## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RUSS GODFREY and )
NATALIE GODFREY, )
                         )
        Plaintiffs, )
                         )
v. )   Case No.:  CIV-19-329-JD
                         )
CSAA FIRE & CASUALTY )
INSURANCE COMPANY, )
a foreign corporation, )
                         )
        Defendants. )

### DEFENDANT, CSAA FIRE & CASUALTY INSURANCE COMPANY'S REQUESTED JURY INSTRUCTIONS

The Defendant, CSAA Fire & Casualty Insurance Company ("CSAA"), submits the

attached requested Jury Instructions.  CSAA reserves the right to amend or withdraw these

proposed instructions and/or submit additional proposed instructions based upon further

rulings of the Court and the evidence presented at trial.

                           Respectfully submitted,

                           s/ Gerard F. Pignato
                           Gerard F. Pignato, OBA No. 11473
                           Bruce A. Robertson, OBA No. 13113
                           Matthew C. Kane, OBA No. 19502
                           Susan F. Kane, OBA No. 19455
                           RYAN WHALEY COLDIRON JANTZEN
                             PETERS & WEBBER PLLC
                           400 North Walnut Avenue
                           Oklahoma City, Oklahoma  73104
                           Telephone:   405-239-6040
                           Facsimile:    405-239-6766
                           Email:   jerry@ryanwhaley.com
                                     brobertson@ryanwhaley.com
                                     mkane@ryanwhaley.com
                                     susanfkane@gmail.com
                           **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire
Keith F. Givens, Esquire
MANSELL ENGEL & COLE

s/ Gerard F. Pignato
For the Firm

## DEFENDANT'S REQUESTED INSTRUCTION NO. 1

(THE ISSUES IN THE CASE – NO COUNTERCLAIM)

The parties to this case are the Plaintiffs, Russ Godfrey and Natalie Godfrey, and the Defendant, CSAA Fire & Casualty Insurance Company ("CSAA").

The parties admit:

(1)     At all times material hereto, the Plaintiffs were insured under a homeowner's insurance policy issued by CSAA Fire & Casualty Insurance Company, Policy No. HO3-000328693.

Both parties agree that in February 2018, water leaked from Plaintiffs' roof to the interior of Plaintiffs' home.  Plaintiffs asserted a claim to Defendant in connection with that water leak.

Plaintiffs submitted a claim to CSAA for the alleged damage to their roof and the interior of their home.  CSAA denied Plaintiffs' claim on the basis of an excluded cause of loss in the insurance policy:  wear and tear.  Plaintiffs disagree with CSAA's position, and have asserted claims against CSAA for breach of contract and bad faith.

The Defendant, CSAA, denies it improperly investigated and handled Plaintiffs' homeowner's claim, and further denies it breached the insurance contract between the parties and that it acted in bad faith.  Defendant contends its investigation and handling of Plaintiffs' claim was at all times reasonable, and that a legitimate dispute exists as to the cause of the condition of Plaintiffs' roof, which allowed water to penetrate the interior of Plaintiffs'

house.  Defendant asserts in this case that the condition of Plaintiffs' roof was a result of

normal wear and tear, an excluded cause of loss under the insurance policy.

Plaintiffs deny the claims of Defendant.

These are the issues you are to determine.


ACCEPTED:      _____

REJECTED:      _____

MODIFIED:      _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____
Authority:     OUJI 2.1 (modified)

## DEFENDANT'S REQUESTED INSTRUCTION NO. 2

(Burden of Proof – Greater Weight of the Evidence)

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you.  This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense.  In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____

Jodi W. Dishman
United States District Judge


_____

Authority:     OUJI - Civ. No. 3.1

## DEFENDANT'S REQUESTED INSTRUCTION NO. 3

(DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS)

You are the sole judges of the believability of each witness and the value to be given the testimony of each.  You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation.  Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____
Authority:     OUJI - Civ. No. 3.13

## DEFENDANT'S REQUESTED INSTRUCTION NO. 4

(EXPERT WITNESS)

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____
Authority:    OUJI - Civ. No. 3.21

## DEFENDANT'S REQUESTED INSTRUCTION NO. 5

(DEPOSITIONS – USE AS EVIDENCE)

During the trial of this case, certain testimony may be presented to you by way of deposition, consisting of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____

Authority:     Devitt & Blackmar § 73.02 (modified); Fed. R. Civ. P. 32(a).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 6

(SPECULATIVE DAMAGES)

The burden of proof is on both parties to establish all elements of their damages. The amount of your verdict must be based upon the evidence presented as to the parties actual injuries and losses, if any exist.  Plaintiffs cannot recover speculative damages.  Speculative damages are compensation for injuries which are not proven to exist with certainty.  Damages which are too remote to be likely to occur, or which are the product of guesswork, are not to be awarded.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

_____

Authority:    *Osborn v. Comanche Cattle Industries, Inc.,* 545 P.2d 827, 830-31 (Okla. Civ. App. 1975); *Lorrance Tank Corp. v. Burrough,* 476 P.2d 346, 350 (Okla. 1970).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 7

(JURY'S DUTIES – CAUTIONARY INSTRUCTIONS – CORPORATION AS PARTY)

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____
Authority:  OUJI 1.6

## DEFENDANT'S REQUESTED INSTRUCTION NO. 8

[BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE][1]

When I say that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____
Authority:  OUJI  3.2

---

[1]By submitting this Jury Instruction, Defendant does not suggest Plaintiffs are entitled to an award of punitive damages.  Defendant vehemently disputes Plaintiffs' request for punitive damages. However, if this Court does deem it proper to instruct the jury on punitive damages, then, and only in that event, is this instruction appropriate.

## DEFENDANT'S REQUESTED INSTRUCTION NO. 9

(ELEMENTS OF A CLAIM FOR BREACH OF CONTRACT)

Plaintiffs are required to prove by the greater weight of the evidence the following in order to recover on their claim for breach of contract against the Defendant, CSAA Fire & Casualty Insurance Company:

1.    The formation of a contract, specifically, the insurance contract which is also known as the insurance policy, between Plaintiffs and Defendant;

2.    That Defendant breached the insurance contract by failing to pay amounts which were due under the terms of the policy, specifically, amounts claimed due by Plaintiffs for the full and fair amount of property damage sustained; and

3.    That Plaintiffs suffered damages as a result of Defendant's breach of the insurance contract.

ACCEPTED:    _____

REJECTED:    _____

MODIFIED:    _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____
Authority:    OUJI 23.1 (modified)

## DEFENDANT'S REQUESTED INSTRUCTION NO. 10

(BREACH OF CONTRACT)

A contract is breached or broken when a party does not do what they promised to do in the contract.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____
Authority:    OUJI 23.21

## DEFENDANT'S REQUESTED INSTRUCTION NO. 11

(MEANING OF WORDS)

You should interpret the words of the contract in their ordinary and popular sense, unless you decide that the parties used them in some other sense.

If the parties used technical words, they should be interpreted in the way that they are usually understood by persons in the business in which they are used, unless clearly used in a different sense.

If the parties to the contract have dealt with each other before and their previous dealings showed that they had a common understanding as to the meaning of certain terms, then you should interpret those terms according to their commonly understood meaning.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____
Authority:     OUJI 23.13

## DEFENDANT'S REQUESTED INSTRUCTION NO. 12

(CONCURRENT CAUSES)

There has been testimony and evidence that two or more possible causes may have occurred concurrently to cause the loss claimed by Plaintiffs.  The CSAA policy issued to Plaintiffs states:

> We do not insure for any loss caused directly or indirectly by one or more of the excluded events set forth below in Exclusions A.1. through A.11., regardless of : (1) the cause of the excluded event; (2) other causes of the loss; (3) whether or not the other causes of the loss acted concurrently or in any sequence with the excluded event to produce the loss; (4) whether the loss occurs suddenly or gradually or involves isolated or wide spread damage; (5) whether the loss arises from natural or external forces; or (6) whether the loss occurs as a result of any combination of (1) through (5).

If you find from the evidence that Plaintiffs' loss was caused, in part, as a result of an excluded cause of loss, regardless of the amount or degree of contribution to the loss by the excluded cause of loss, you must find there has not been a breach of contract by CSAA and, accordingly, you must find in favor of Defendant, CSAA, in connection with the Plaintiffs' breach of contract claim.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____

_____

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

_____

Authority:   CSAA Policy issued to Plaintiffs;
*Duensing v. State Farm*, 2006 OK CIV APP 15, ¶¶ 17-21, 131 P.3d 127, 133-34;
*Davis-Travis v. State Farm*, 336 F. App'x 770, 772 (10th Cir. 2009) (applying and quoting pertinent portions of *Duensing*);
*Kelly v. Farmers Insurance Company*, 281 F.Supp.2d 1290, 1296-97 (W.D. Okla. 2003).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 13

(DUTY TO MITIGATE DAMAGES – PROPERTY)

In fixing the amount of money that will reasonably and fairly compensate Plaintiffs, you are to consider that a person whose residential property is injured must exercise ordinary care to minimize existing injuries and to prevent further injury.  If any injury results from a failure to exercise such care, damages cannot be recovered for such loss.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI 5.4 (modified)

## DEFENDANT'S REQUESTED INSTRUCTION NO. 14

(BREACH OF CONTRACT – ACTUAL DAMAGES)

If you find that Plaintiffs have proven by the greater weight of the evidence that Defendant breached one or more provisions of the insurance contract, then you must fix the amount of Plaintiffs' actual damages on their breach of contract claim. This is the amount of money that is needed to put them in as good a position as they would have been if the contract had not been breached. In this case, the amount of damages should be determined as follows:

In this case, if you decide that Defendant breached the insurance contract by paying less than it should have for Plaintiffs' claim, the amount of actual damages would be the amount that should have been paid on the Plaintiffs' claim, less the amounts that CSAA already paid on their claim, if any, and taking into consideration the deductible under the Plaintiffs' insurance policy. The largest amount that "should have been paid on the Plaintiffs' claim" should not exceed the policy limits of the insurance policy.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

_____
Authority:    OUJI 23.51 (Rev. 2009) (Modified); 23 O.S. 1991 § 21; Restatement (Second) of Contracts §§ 344, 347 (1979).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 15

(UNCERTAINTY AS TO FACT OR AMOUNT OF DAMAGES – BREACH OF CONTRACT)

Damages for the breach of a contract cannot be recovered unless they are clearly ascertainable, both in their nature and origin, and unless it is established they are the nature and proximate consequences of the breach and are not contingent or speculative.  Therefore, in order to award damages, you must be satisfied by the greater weight of the evidence that a loss was caused by the breach of the insurance contract.  The amount of damages resulting from a breach of an insurance contract must be ascertainable with some degree of certainty and may not be based on mere speculation and conjecture alone.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____

Authority:    OUJI 23.52 (Rev. 2009) (Modified); 23 O.S. 1991 § 21 ("No damages can be resovered for a breach of contract, which are not clearly ascertainable in both their nature and origin"); *General Fin. Corp. v. Dillon*, 172 F.2d 924, 930 (10th Cir. 1949) ("The general rule of damages is that damages for the breach of a contract cannot be recovered unless they are clearly ascertainable, both in their nature and origin, and unless it is established they are the natural and proximate consequences of the breach and are not contingent or speculative. This is also the rule in Oklahoma.")

## DEFENDANT'S REQUESTED INSTRUCTION NO. 16

(INSURANCE COMPANY'S OBLIGATION OF GOOD FAITH AND FAIR DEALING)

An insurance company has a duty to deal fairly and act in good faith with its insureds.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI-CIV 22.1

## DEFENDANT'S REQUESTED INSTRUCTION NO. 17

(BAD FAITH – FIRST PARTY INSURANCE)

Plaintiffs claim that the Defendant, CSAA Fire & Casualty Insurance Company, violated its duty of good faith and fair dealing by unreasonably, and in bad faith, failing to pay Plaintiffs the full and fair amount for the alleged damage to Plaintiffs' residential property as a result of a weather event covered under the insurance policy.  In order for Plaintiffs to recover damages in this case, they must show by the greater weight of the evidence:

(1)     That Defendant, CSAA Fire & Casualty Insurance Company was required under the insurance policy to pay Plaintiffs' claim in the amount Plaintiffs contend was owed;

(2)     That Defendant's refusal was unreasonable under the circumstances because Defendant did not perform a proper investigation, did not evaluate the results of the investigation properly, had no reasonable basis for the refusal, or because Defendant's evaluation of the damage to the Plaintiffs' home was unreasonably low;

(3)     That Defendant did not deal fairly and in good faith with the Plaintiffs; and

(4)     That the violation by Defendant of its duty of good faith and fair dealing was the direct cause of the injuries sustained by the Plaintiffs, if any.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI-CIV 22.2 (modified)

## DEFENDANT'S REQUESTED INSTRUCTION NO. 18

(MISTAKES IN JUDGMENT)

You are instructed that good faith mistakes in judgment are an insufficient basis for a bad faith action, and in order for Plaintiffs to recover, there must be showing of unreasonable conduct and unfair treatment.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

_____

Authority:      *Christian v. American Homes Assur. Co.*, 577 P.2d 899 (Okla. 1977)

(NOTE:    This instruction was given by the Courts in *Nematpour v. GEICO General Insurance Company, Case No. 15-cv-00851-W (W.D. of Okla.)* and in *Fessenden v. CSAA, Case No. 18-cv-01115-R (W.D. Okla.)*).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 19

(GOOD FAITH BELIEF OF INSURER)

If you find from the evidence that CSAA Fire & Casualty Insurance Company had a

good faith belief, at the time payment was requested, that there was a reasonable justification

for withholding payment, then you must find for CSAA Fire & Casualty Insurance Company

and against Plaintiffs on their claim for bad faith.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____
Authority:     *Willis v. Midland Risk Ins. Co.*, 42 F.2d 607, 612 (10th Cir. 1992).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 20

(DEFINITION OF BAD FAITH)

You are instructed that "failure to deal in good faith," as that phrase is used in these instructions, is when an insurance company fails to deal fairly and in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy. Mere refusal to pay a claim is not bad faith or unfair dealing, for disagreements between an insurer and an insured can occur on a variety of matters. Liability may be imposed against the insurance company only where there is a clear showing that the insurance company unreasonably withheld payment of the claim.  The minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence, but less than reckless conduct.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____

_____

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

_____

Authority:    *Christian v. American Home Assurance Co.,* 577 P.2d 899 (Okla. 1977); *McCorkle v. Great Atlantic Ins. Co.,* 637 P.2d 583 (Okla. 1981); *Timmons v. Royal Globe Ins. Co.,* 653 P.2d 907 (Okla. 1982); *Manis v. Hartford Fire Ins. Co.,* 681 P.2d 760 (Okla. 1984); *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080 (Okl. 2005).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 21

(DEFINITION OF NEGLIGENCE)

In order to find that CSAA Fire & Casualty Insurance Company breached its duty of good faith and fair dealing, you must find that CSAA's conduct is more than simple negligence.  Thus, you must understand what the terms "negligence" and "ordinary care" mean in the law with reference to this case.

"Negligence" is the failure to exercise ordinary care to avoid injury to another's person or property. "Ordinary care" is the care which a reasonably careful person would use under the same or similar circumstances. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI-CIV 9.2 (modified)

## DEFENDANT'S REQUESTED INSTRUCTION NO. 22

(BAD FAITH CLAIM - LEGITIMATE DISPUTE)

An insurer is not acting in bad faith when it refuses to pay based on a legitimate dispute regarding the amount of loss or the interpretation of a statute.  The law recognizes that there may be disagreements between an insurer and an insured on a variety of matters, including the amount of loss or the interpretation of a statute.  Legitimate disputes do not constitute bad faith or unfair dealings on the part of an insurer.  Bad faith does not arise when an insurer disagrees with the insured's position, as long as the position is reasonable.  This type of disagreement is called a legitimate dispute.

In this case, liability may be imposed upon CSAA Fire & Casualty Insurance Company, only if, by the greater weight of evidence, Plaintiffs prove that CSAA unreasonably and in bad faith failed to pay the proper amount for  Plaintiffs' UM claim. Judgment should be entered in favor of CSAA Fire & Casualty Insurance Company if Plaintiffs fail to produce specific evidence of bad faith.

ACCEPTED:        _____

REJECTED:        _____

MODIFIED:        _____

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

Authority:      *Christian v. American Home Assur.* Co., 577 P.2d 899 (Okla. 1977); *Garnett v. Government Employees Ins. Co.*, 2008 OK 43, 186 P.3d 935 Davis *v. Mid-Century Ins. Co.*, 311 F.3d 1250, 1252 (10th Cir. 2002); *Skinner v. John Deere Ins. Co.*, 998 P.2d 1219, 1223 (Okla. 2000); *Oulds v. Principal Mutual Life Insurance Co.*, 6 F.3d 1431 (10th Cir. 1993); *Buzzard v. McDanel,* 736, P.2d 157 (Okla. 1987);  *McCorkle v. Great Atlantic Life Insurance Company,* 637 P.2d 583 (Okla. 1981);  *Conti v. Republic Underwriters Ins. Co.,* 782 P.2d 1357 (Okla. 1989); *Manis v. Hartford Fire Ins. Co.,* 681 P.2d 760 (Okla. 1984).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 23

(INADEQUATE INVESTIGATION)

Plaintiffs have asserted that the Defendant, CSAA Fire & Casualty Insurance Company, inadequately investigated their claim, and that Plaintiffs suffered injuries and damages as a result of such inadequate investigation.  When a bad faith claim is premised on inadequate investigation, the insured must make a sufficient showing that material facts were overlooked or that a more thorough investigation would have produced relevant information that would have delegitimatized the insurer's dispute of the claim.  If you find from the evidence that material facts were not overlooked or that a more thorough investigation would not have produced information that would have changed the outcome of CSAA's claim decision, you must find in favor of CSAA Fire & Casualty Insurance Company on the Plaintiffs' claim of inadequate investigation.

ACCEPTED:  _____

REJECTED:  _____

MODIFIED:  _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

_____

Authority:    *Shotts v. GEICO*, 943 F.3d 1304, 1327-28 (10th Cir. 2019);
*Bannister v. State Farm*, 692 F.3d 1117, 1128 (10th Cir. 2012);
*Timberlake v. USF&G*, 71 F.3d 335, 345 (10th Cir. 1995).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 24

(BAD FAITH STANDARD)

An insurer's investigation need only be reasonable, not perfect, to avoid bad faith

liability.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____

Authority:    *Shotts v. GEICO*, 943 F.3d 1304, 1327 (10th Cir. 2019);
*Roberts v. State Farm Mut. Auto. Ins. Co.*, 61 F. App'x 587, 592 (10th Cir. 2003) (unpublished) (citing *Buzzard v. Farmers Insurance Company*, 824 P.2d 1105, 1109 (Okla. 1991).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 25

(BAD FAITH – DAMAGES)

If you find that CSAA Fire & Casualty Insurance Company violated its duty of good faith and fair dealing, you must fix the amount of Plaintiffs' damages.  This is the amount of money that will compensate them for any loss they suffered as a result of CSAA's actions.

In fixing the amount you will award Plaintiffs you may consider the following elements:

(1)    Embarrassment and loss of reputation; and

(2)    Mental pain and suffering.

ACCEPTED:    _____

REJECTED:    _____

MODIFIED:    _____


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE


_____
Authority:    OUJI-CIV 22.4 (modified)

**DEFENDANT'S REQUESTED INSTRUCTION NO. 26**
(Verdict Form – Breach of Contract Claim)

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RUSS GODFREY and | ) | |
| NATALIE GODFREY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-19-329-JD |
| | ) | |
| CSAA FIRE & CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**VERDICT FORM - BREACH OF CONTRACT CLAIM**

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths,

find as follows:

1.     In favor of the Plaintiffs, Russ Godfrey and Natalie Godfrey, in the total

amount of $_____.

OR

2.     In favor of the Defendant, CSAA Fire & Casualty Insurance Company.

_____          _____
Foreperson
_____          _____


_____          _____


_____          _____


_____          _____

OUJI 5.7

**DEFENDANT'S REQUESTED INSTRUCTION NO. 27**
(VERDICT FORM – BAD FAITH CLAIM – PLAINTIFFS – FIRST STAGE)

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RUSS GODFREY and | ) | |
| NATALIE GODFREY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  CIV-19-329-JD |
| | ) | |
| CSAA FIRE & CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**VERDICT FORM**

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find in favor of the Plaintiffs in connection with their bad faith claim, as follows:

1.      The dollar amount of their actual damages is the sum of $ _____.

[2.      We do ____ do not _____ (Check One) find by clear and convincing evidence that the Defendant, CSAA Fire & Casualty Insurance Company, acted in reckless disregard of the rights of others.]

_____                    _____
Foreperson
_____                    _____

_____                    _____

_____                    _____

_____                    _____

OUJI 5.7

## DEFENDANT'S REQUESTED INSTRUCTION NO. 28
(VERDICT FORM – BAD FAITH CLAIM – DEFENDANT – FIRST STAGE)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RUSS GODFREY and<br>NATALIE GODFREY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  CIV-19-329-JD |
| | ) | |
| CSAA FIRE & CASUALTY<br>INSURANCE COMPANY,<br>a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## VERDICT FORM – BAD FAITH CLAIM

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find in favor of the Defendant, CSAA Fire & Casualty Insurance Company, in connection with Plaintiffs' bad faith claim.

_____        _____
Foreperson
_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

OUJI 5.8