# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSS GODFREY and NATALIE GODFREY,<br><br>                          Plaintiffs,<br><br>v.<br><br>CSAA FIRE & CASUALTY INSURANCE COMPANY,<br><br>                          Defendant. | Case No: 5:19-cv-329 JD |

## PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE

Plaintiffs respectfully offer the following Reply to Defendant's Response to Plaintiffs' Motion in Limine [Doc. 81].

## ARGUMENT AND AUTHORITY

**MOTION IN LIMINE NO. 1:**

As Plaintiffs previously noted, the events at issue in the lawsuit against Traveler's involved a claim involving <u>a different home</u> which occurred from 2001 to 2004.  It was settled in 2005 – fifteen year ago.  The fact that Plaintiffs were involved in a lawsuit against a different insurance company <u>fifteen</u> years ago does not make it more or less probable that Defendant's actions in this claim breached its duty of good faith and fair dealing.  E.g., *Agristor Leasing v. Meuli*, 865 F.2d 1150, 1151 (10th Cir. 1988) (in action for breach of warranty and fraud involving Harvestore grain silo, Court did not abuse its discretion by

excluding evidence pertaining to litigation over the performance and marketing of the Harvestore silo in California during the 1960's under Fed. R. Evid. 403). The evidence at issue is extremely remote in time, does not even relate to the same home that is at issue here, and involves an unrelated insurer. Just as in *Meuli*, any evidence related to the previous case should be excluded under Fed. R. Evid. 403.

**PLAINTIFFS' MOTION IN LIMINE NO. 7:**

As an initial matter, because Defendant does not even address any personal injury or worker's compensation claim unrelated to the present claim, other than the single claim discussed in its Response, Plaintiffs presume that Defendant has tacitly agreed that such evidence is irrelevant and inadmissible. *Ocasio v. Ollson*, 596 F.Supp.2d 890 (E.D. Pa. 2009) (Probative value of evidence of worker's prior workers' compensation claim would be substantially outweighed by danger of unfair prejudice to worker, in personal injury action against third-party tortfeasor, and thus defendants were barred from mentioning the workers' compensation case, except that defendants were permitted to cross-examine worker regarding any alleged inconsistent statements he made in the workers' compensation proceeding.); *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377 (8th Cir. 2008) (Probative value of evidence that employee had filed prior discrimination suit was substantially outweighed by its unfair prejudice in Title VII action, and district court thus abused its discretion in admitting evidence of prior suit as other acts evidence, in that charge of litigiousness was serious, and probative value of prior suit, which was filed six years earlier, was minimal). Consequently, the other claims/actions should be excluded as a matter of course.

With respect to Mr. Godfrey's lawsuit against the gymnasium thirty-one (31) years ago, the evidence set forth in counsel's Affidavit is clearly stale and remote in time. Thus, it should be excluded under Fed. R. Evid. 403. It is also hearsay to the extent it is offered for the truth of the matter asserted under Fed. R. Evid. 801; and defense counsel's personal Affidavit does not make it any less so. Moreover, to the extent that it discusses what others purportedly told defense counsel, it is hearsay within hearsay. That is particularly true since defense counsel has not listed himself (or anyone else for that matter) to testify as a witness about the matters set forth therein. Nor is extrinsic evidence admissible in any event. Fed. R. Evid. 608(b). This evidence suffers from multiple evidentiary defects and should therefore be excluded.

**MOTION IN LIMINE NO. 5:**

In response to Plaintiffs' Motion in Limine No. 5, Defendant asserts that it can use evidence regarding charges against the principals of Ultimate Roofing to somehow explore the alleged "bias" of Mr. Lippoldt, who was a consultant, not an employee or principal of Ultimate Roofing. Ex. 1, Lippoldt Deposition, at pp. 15-16. Indeed, the very reason he left Ultimate Roofing was because of the financial difficulties that Ultimate Roofing was experiencing. *Id.* at pp. 29-31. When he left, he was also owed money. *Id.* at p. 29.

In any event, the alleged financial troubles of a company for which Mr. Lippoldt was not even an employee and for which he has no liability or responsibility, is not a legitimate basis upon which to impeach him for alleged bias, because it has no tendency to show that he would have a reason to slant his testimony, consciously or subconsciously,

either in favor of the Godfreys or Ultimate Roofing.  Therefore, it is not relevant.  Fed. R. Evid. 402.

Moreover, to the extent that Defendant would seek to use documents other than those identified in its Response to do so (report, supplemental report or estimate), no such documents have been listed or produced.  Defendant using any such documents for the first time at trial would constitute unfair surprise and be unfairly prejudicial.  Fed. R. Evid. 403.  Defendant's bias assertion is simply an effort to distract the jury from consideration of what actually occurred during the insurance claim at issue. Thus, such evidence should be excluded pursuant to Fed. R. Evid. 402 and 403.

**MANSELL ENGEL & COLE**

By:  s/ Keith F. Givens
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Keith F. Givens, OBA #16501
204 North Robinson Avenue, 21st Floor
Oklahoma City, OK 73102-7001
T: (405) 232-4100 ** F: (405) 232-4140
E-mail:  kgivens@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that on February 17, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Gerard F. Pignato (jerry@ryanwhaley.com)
Bruce A. Robertson (brobertson@ryanwhaley.com)
Matthew C. Kane (mkane@ryanwhaley.com)
Susan F. Kane (susanfkane@gmail.com)

**ATTORNEYS FOR DEFENDANT – CSAA FIRE AND CASUALTY INSURANCE**

                                                s/Keith F. Givens