## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RUSS GODFREY, and NATALIE
GODFREY,

                          Plaintiffs,

v.                                          Case No: 5:19-cv-329 JD

CSAA FIRE & CASUALTY
INSURANCE COMPANY,

                          Defendant.

## PLAINTIFFS' SUPPLEMENTAL TRIAL BRIEF

Plaintiffs respectfully submit the following Supplemental Trial Brief regarding the alleged "anti-efficient proximate cause defense which Defendant has, for the first time, recently raised herein. For the reasons set forth in Plaintiffs' original Response to the Trial Brief filed herein by Defendant, as well as the arguments and authorities set forth in this Supplemental Trial Brief, Plaintiffs respectfully submit that CSAA's newly-raised defense is baseless and that Defendant should not be allowed to present it to the jury.

## INTRODUCTION

As has previously been set forth, the roof on Plaintiffs' home was damaged by snow and ice on February 22, 2018. The accumulation of snow and ice on their roof caused "ice damming," damaged their roof, and eventually caused substantial leakage into the interior of their home. They called their insurer CSAA and a roofer who inspected their roof and discovered that there was a large block of ice established on the flat section of roof over the areas that were leaking. Michael White, the adjuster assigned by CSAA to inspect the

property, advised Mr. and Mrs. Godfrey that the roof edge was pulled away from the weight of ice and snow, and that the melting and refreezing of the snow and ice each day was causing the leaks inside their home.   That was a covered cause of loss under their homeowners' policy with CSAA.   Mr. White, who was the only adjuster who ever inspected the home on behalf of CSAA, informed CSAA of his determination of the cause of loss and findings in a Final Loss Report.   However, CSAA desk supervisor Mark Costello, who never saw the home, then changed the cause of loss to "wear and tear," which is not covered under the Plaintiffs' policy.   He then instructed CSAA adjuster Sayde Brooks, to write the Godfreys a letter denying the claim.   Ms. Brooks' letter to the Plaintiffs falsely stated that Mr. White had found normal "wear and tear" on the roof and that because that was an excluded cause of loss, their claim for roof replacement was being denied.   The truth is that Mr. White's report does not even mention "wear and tear."   Nor does it mention anything about the Defendant's newly-concocted "anti-efficient proximate cause" (which has also been referred to as a "concurrent causation" defense).   A copy of Defendant's denial letter (CSAA_Godfrey 0489-0490) is attached hereto as Exhibit 1.[1]

Mr. and Mrs. Godfrey knew that this claim denial was improper because they had talked directly to Mr. White. However, CSAA persisted in its refusal to pay for the roof replacement, again, directly claiming that the adjuster, Mr. White had reported that the cause of loss was excluded normal wear and tear. Mr. and Mrs. Godfrey had to replace

---

[1] Defendant's denial letter did not even accurately cite the "wear and tear" exclusion that it allegedly based its denial upon.   Defendant's denial letter asserted "wear and tear" as exclusion c. (6) in the Plaintiff's Policy, although it is actually exclusion c. (7).   That error aptly summarizes the level of attention given by the Defendant to this claim.

their storm damaged roof without any payments from CSAA. Mr. and Mrs. Godfrey bring this action seeking to hold their insurance company accountable for its improper conduct in the denial of their claim. Mr. and Mrs. Godfrey assert that CSAA's actions were intentional in claiming facts that it knew was not true for the denial of this claim and that CSAA should be responsible for any damages resulting from its improper conduct. Plaintiffs also seek an award of punitive damages, if allowed by the Court, in order to deter such conduct and denials in the future.

At the Pretrial Conference, the Court ordered the parties to file supplemental briefs on CSAA's newly-raised defense on Friday, March 6, by 3:00 p.m. if they were unable to reach a stipulation regarding the issue. Plaintiffs now respectfully offer this Supplemental Trial Brief to apprise the Court of the authorities upon which they rely herein.

## ARGUMENT AND AUTHORITY

## I.   GENERAL PRINCIPLES OF INSURANCE CONTRACT CONSTRUCTION

Oklahoma's general rules regarding the interpretation of insurance policies are well settled. The proper construction of the insurance contract is a <u>question of law</u>. *Max True Plastering Company v. United States Fidelity and Guaranty Company*, 1996 OK 28, 912 P.2d 861, 869 (emphasis added). The insured has the burden of showing that their claim is covered under the policy, while the insurer has the burden to show that the loss falls within an applicable policy exclusion. *See, e.g.*, *Pitman v. Blue Cross and Blue Shield of Okla.*, 217 F.3d 1291, 1298 (10th Cir. 2000) (noting that "[a] basic rule of insurance law provides that the insured has the burden of showing that a covered loss has occurred, <u>while the insurer has the burden of showing that a loss falls within an exclusionary clause of the</u>

policy.") (emphasis added); *McGee v. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1205 (10th Cir. 1992) ("It is a basic rule of insurance law that the insured carries the burden of showing a covered loss has occurred and the insurer must prove facts that bring a loss within an exclusionary clause of the policy."); *Gen. Acc., Fire & Life Assur. Corp. v. Hymes*, 1919 OK 363, 77 Okla. 20, 185 P. 1085, 1085 ("<u>The burden of proof rests upon the insurer</u> to establish the fact that death or injury has resulted from one of the excepted clauses enumerated in a policy of accident insurance.") (emphasis added).

An insurance policy, like all other contracts of adhesion, is liberally construed, consistent with the object sought to be accomplished, so as to give a reasonable effect to all of its provisions, if possible. *Dodson v. St. Paul Ins. Co.,* 1991 OK 24, 812 P.2d 372, 376 (footnote omitted; emphasis added). *See also*, *Lutheran Benevolent Ins. Co. v. National Catholic Risk Retention Group, Inc.*, 939 F. Supp. 1506, 1510 (N.D Okla. 1995) (stating that "an insurance policy should be construed in light of its predominant purpose – to provide coverage to the insured"). "[E]xclusions exempting certain specified risks are construed strictly against the insurer," *Dodson v. St. Paul Ins. Co.,* 1991 OK 24, ¶ 13, 812 P.2d 372, 377, and "if an insurer desires to limit its liability under a policy, it must employ language that **clearly and distinctly** reveals its stated purpose." *Broom v. Wilson Paving & Excavating, Inc.*, 2015 OK 19, ¶ 47, 356 P.3d 617, 634 (citing *Spears v. Shelter Mut. Ins. Co.,* 2003 OK 66, ¶ 7, 73 P.3d 865, 868) (emphasis added in *Broom*).

Parties to an insurance contract are "bound by the terms of contract and courts will not undertake to rewrite terms thereof." *Dodson*, 812 P.2d at 376. The construction of an insurance policy should be a natural and reasonable one, fairly constructed to effectuate its

4

purpose, and viewed in the light of common sense so as not to bring about an absurd result. *Id.* Words are given effect according to their ordinary or popular meaning. *Max True Plastering*, 912 P.2d at 865 (footnote omitted). Standardized or printed contracts are interpreted most strongly against the party preparing the form, *Wilson v. Travelers Ins. Co.*, 1980 OK 9, 605 P.2d 1327, 1329. The terms of the parties' contract, if unambiguous, clear, and consistent, are accepted in their plain and ordinary sense. *Dodson*, 812 P.2d at 376.

When defining a policy term in an insurance contract, the language is given the meaning understood by a person of ordinary intelligence. *Max True Plastering*, 912 P.2d at 869. If the language is doubtful and susceptible to two constructions, without resort to and following application of the rules of construction, a genuine ambiguity exists, and the contract is interpreted, consistent with the parties' intentions, most favorably to the insured and against the insurer. *Dodson,* 812 P.2d at 376-377. The ambiguity test "is applied from the standpoint of a reasonably prudent layperson, not from that of a lawyer." *Haberman v. The Hartford Ins. Group,* 443 F.3d 1257, 1265 (10th Cir. 2006) (applying Oklahoma law). If the contract is susceptible of two constructions, the construction most favorable to the insured must be adopted. *Wilson*, 605 P.2d at 1329. *See also*, *American Motorists Insurance Co. v. Biggs*, 1963 OK 87, 380 P.2d 950, 953, stating:

> Contracts of insurance will be liberally construed in favor of the object to be accomplished, and conditions and provisions of every contract of insurance will be construed against the insurer who proposes and prepares the policy. If a policy of insurance and provisions in connection therewith are capable of being construed in two ways, that interpretation should be placed upon them which is most favorable to the insured. See also 44 C.J.S. Insurance § 297c (1). [internal citation omitted].

In this case, as Plaintiffs have previously noted in both their Objection to Defendant's Requested Jury Instruction No. 12 [Doc. No. 63], and in their original Response to Defendant's Trial Brief [Doc. No. 73], there is no reasonable construction of the terms of the Godfrey/CSAA Policy which could lead one to the conclusion that "wear and tear" – the <u>sole</u> original basis for CSAA's denial of this claim – is somehow one of the eleven specifically enumerated excluded causes of loss (Exclusions A.1. through A.11.) which are expressly made subject to the Policy's alleged "anti-efficient proximate cause"/"concurrent causation" Policy language. Indeed, that language appears six pages <u>after</u> the "wear and tear" exclusion and under a different heading in the Policy.[2]

---

[2] The "wear and tear" Policy provision is found at page 33, under the heading "Perils Insured Against," under Subsection A. Coverage A – Dwelling And Coverage B – Other Structures. Subsection A.2. provides that "<u>We do not insure, however, for loss: a. Excluded under Section I – Exclusions,</u> **[or] … c. caused by: … (7) Any of the following: (a) Wear and tear, marring, deterioration;**" … *See* Policy, Ex. 2, pp. 31-33 (CSAA_Godfrey 0609-0611) (all emphasis added).

Six pages later, as noted in Plaintiffs' Response to Defendant's Trial Brief [Doc. No. 73] at pp. 5-6, the "anti-efficient proximate cause"/"concurrent causation" provision in the Defendant's Policy is found under the heading "Section I – Exclusions." It states:

> A.  We do not insure for any loss caused directly or indirectly by <u>one or more of the excluded events set forth below in Exclusions A.1. through A.11.</u>, regardless of: (1) the cause of the excluded event; (2) other causes of the loss; (3) whether or not the other causes of the loss acted concurrently or in any sequence with the excluded event to produce the loss; (4) whether the loss occurs suddenly or gradually or involves isolated or widespread damage; (5) whether the loss arises from or external force; or (6) whether the loss occurs as a result of any combination of (1) through (5). [emphasis added].

The Policy then sets forth eleven (11) specifically enumerated exclusions (none of which include "wear and tear") that are supposedly made subject to the above-cited language. *See* Policy, Ex. 3, pp. 39-44 (CSAA_Godfrey 0617-0622). "Wear and tear" is in a <u>different</u>

There is no dispute that Oklahoma has adopted the efficient proximate cause doctrine. *See Shirey v. Tri–State Ins. Co.,* 1954 OK 214, 274 P.2d 386, 388–89. Under the efficient proximate cause doctrine, *"[i]f the insured successfully demonstrates that the proximate cause of the loss is covered under the policy,* the entire loss is covered notwithstanding the fact that an event in the chain of causation was specifically excluded from coverage. *Duensing v. State Farm Fire & Cas. Co.*, 2006 OK CIV APP 15, ¶ 16, 131 P.3d 127, 133 (citing *Kelly v. Farmers Insurance Company, Inc.,* 281 F. Supp.2d 1290, 1296 (W. D. Okla. 2003) (emphasis in original).

*Shirey* involved a coverage dispute regarding a claim of automobile damage sustained during a windstorm. *Shirey*, 274 P.2d at 387. The insured's policy covered losses caused by windstorms but excluded losses caused by "collision or upset." The damage to the car was caused when the vehicle flipped over in a ditch because of a windstorm. Rejecting the insurer's argument that the "upset" exclusion precluded coverage, the court first cited, then relied upon the general rule that:

> The cases generally hold that in an action to recover damages on an insurance policy insuring property against the peril of windstorms excluding from coverage other causes, the insured may recover if the windstorm was the efficient and proximate cause of the damages to the property insured, and it is immaterial that the damage may have been incidentally and indirectly contributed to by other causes expressly excluded from coverage [*Id.* at 388].

Under this doctrine, once the predominant cause of the loss is identified, coverage turns on whether it is a covered or excluded cause of loss under the policy. Here, weight

___

section of the Policy, under a <u>different</u> heading, and is <u>not</u> one of the eleven (11) specifically enumerated exclusions allegedly made subject to CSAA's alleged "anti-efficient proximate cause"/"concurrent causation" language.

of ice and snow is indisputably a covered cause of loss. Consequently, coverage for the damage at issue will apply <u>unless</u> CSAA can demonstrate that the alleged "anti-efficient proximate cause" language it has attempted to insert into its policy applies to "wear and tear."

Here, CSAA's attempt to disclaim coverage for this loss under the purported "anti-efficient proximate cause" language in its policy fails because that language <u>expressly</u> limits its application <u>only</u> to Policy Exclusions A.1. through A.11. By its literal terms, that language cannot reasonably be construed to apply to wear and tear. *E.g*., *Kelly v. Farmers Ins. Co., Inc.*, 281 F. Supp. 2d 1290, 1300 (W.D. Okla. 2003):

> [T]o contract around the [efficient proximate cause] doctrine, <u>the policy provision intended to affect the circumvention must explicitly and specifically disclaim coverage for losses that arise from a combination of excluded and covered causes, regardless of the sequence in which the various causes occurred</u>. [emphasis added].

CSAA did not cite any of the Exclusions A.1. through A.11. in its denial letter. Nor did it even cite the so-called "anti-efficient proximate cause"/"concurrent causation" provision that it has only recently began to argue somehow applies.

As previously noted, the construction of this insurance contract is a matter of law for the Court to determine. *Max True Plastering Company*, 912 P.2d at 869. In this instance, the need for such a determination before trial is critical, because the Court's decision on that issue will likely influence the evidence presented, the arguments of counsel, and the Court's instructions to the jury. CSAA should not be permitted to prejudice and mislead the jury by arguing the language of a provision that was never cited as a basis for this claim denial and that, as a matter of law, does not apply to the events at

issue in this loss. For that reason, Plaintiffs respectfully request the Court to enter an order declaring that the "anti-efficient proximate cause" or "concurrent causation" provision in CSAA's policy does not apply to the events at issue and prohibiting from making any claim to the contrary during the trial of this matter.

MANSELL ENGEL & COLE

By:     s/Kenneth G. Cole
        Steven S. Mansell, OBA #10584
        Mark A. Engel, OBA #10796
        Kenneth G. Cole, OBA #11792
        Keith F. Givens, OBA #16501
        204 North Robinson Avenue, 21st Floor
        Oklahoma City, OK 73102-7001
        T: (405) 232-4100 ** F: (405) 232-4140
        E-mail:  kcole@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Gerard F. Pignato (jerry@ryanwhaley.com)
Bruce A. Robertson (brobertson@ryanwhaley.com)
Joshua K. Hefner (joshua@ryanwhaley.com)
Matthew Kane (mkane@ryanwhaley.com)
Susan F. Kane (susanfkane@gmail.com)

**ATTORNEYS FOR DEFENDANT – CSAA FIRE AND CASUALTY INSURANCE**

                         s/Kenneth G. Cole