# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

RUSS GODFREY and NATALIE
GODFREY,

                Plaintiffs,

v.

CSAA FIRE & CASUALTY
INSURANCE COMPANY,

                Defendant.

Case No: 5:19-cv-329 JD

## AMENDED FINAL PRETRIAL REPORT

All counsel who will appear at trial:

Appearing for Plaintiffs:        Steve S. Mansell, OBA #10584
                                        Mark A. Engel, OBA #10796
                                        Keith F. Givens, OBA #16501
                                        **MANSELL ENGEL & COLE**
                                        204 N Robinson Avenue, 21st Floor
                                        Oklahoma City, OK 73102
                                        T: (405) 232-4100 ** F: (405) 232-4140
                                        Email: smansell@meclaw.net
                                                      mengel@meclaw.net
                                                       kgivens@meclaw.net

Appearing for Defendant:       Gerard F. Pignato, OBA #11473
                                        Bruce A. Robertson, OBA #13113
                                        Matthew C. Kane, OBA #19502
                                        Susan F. Kane, OBA #19455
                                        **RYAN, WHALEY, COLDIRON, JANTZEN,**
                                          **PETERS & WEBBER**
                                          400 N. Walnut Avenue
                                          Oklahoma City, OK 73104
                                          T: (405) 239-6040 ** F: (405) 239-6766
                                          Email: jerry@ryanwhaley.com
                                                     brobertson@ryanwhaley.com
                                                     mkane@ryanwhaley.com
                                                     susanfkane@gmail.com

**Jury Trial Demanded ☑  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**. State <u>briefly</u> and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

    The parties to this case are Plaintiffs Russ and Natalie Godfrey and Defendant CSAA Fire & Casualty Insurance Company.

    Defendant CSAA Fire & Casualty Insurance Company issued policy no. H03-000328693 to Plaintiffs Russ and Natalie Godfrey for their home. Plaintiffs Russ and Natalie Godfrey paid premiums for the policy.

    ***Following a storm on February 22, 2018, Defendant CSAA Fire & Casualty Insurance Company denied a claim submitted by Plaintiffs Russ and Natalie Godfrey on damage to the home.***[1] Plaintiffs Russ and Natalie Godfrey claim that Defendant CSAA Fire & Casualty Insurance Company's denial of their claim was a breach of contract and a breach of the duty of good faith and fair dealing.

2. **JURISDICTION**. The basis on which the jurisdiction of the Court is invoked.

    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties and Plaintiff contends the amount in controversy exceeds $75,000.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

---

[1] It is Plaintiffs' position that Defendant's failure to pay for the damage to the interior of the home was a denial of the claim insofar as the Plaintiffs' <u>claim for interior damage</u> exceeded the amount of the deductible. Consequently, the Joint Statement <u>proposed by the Court</u> is correct. There is no dispute that their claim for damage to the roof was denied. Defendant believes that, as written, this statement is factually inaccurate or Plaintiffs are waiving any claim to damages to the interior of their home. While the roof claim was denied as non-covered loss, Defendant determined that the interior damage was a covered loss. Thus, Defendant would propose the following language: "Following a storm on February 22, 2018, Plaintiffs Russ and Natalie Godfrey submitted a claim to defendant. CSAA determined that coverage existed for water damage inside the home but that coverage was excluded for the roof due to its deteriorated (wear and tear damaged) condition." Plaintiff believes that Defendant's proposed language is both misleading and unnecessary with respect to the interior damage to the home for the reasons above stated.

2

A. At all times material hereto Plaintiffs, Russ Godfrey and Natalie Godfrey were insured under a CSAA Fire & Casualty Insurance Company policy (No. HO3 – 000328693).

B. Plaintiffs' premiums for said policy were fully paid at all times material hereto.

C. Plaintiffs' home was insured by CSAA Fire & Casualty Insurance Company in February of 2018.

D. Defendant CSAA's insurance policy is the only contract involved in this claim.

4. **LEGAL ISSUES**. State separately, and by party, each disputed legal issue and the authority relied upon.

A. Whether Defendant breached the terms of Plaintiffs' homeowner policy through its denial of benefits claimed by Plaintiffs.

B. Whether Defendant violated its duty of good faith and fair dealing to Plaintiffs through its investigation, handling or denial of Plaintiffs' claim.

C. If Defendant violated its duty of good faith and fair dealing to Plaintiffs, whether Plaintiffs suffered any compensable injuries or damages as a result thereof.

D. Whether the Plaintiffs, Russ Godfrey and Natalie Godfrey, are entitled to one set of damages from Defendant in connection with Plaintiffs' claims of breach of contract and bad faith, or whether Plaintiffs are each entitled to recover damages, separately, in connection with their claims for breach of contract and bad faith.

5. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

A. <u>Plaintiffs</u>

| Damages | Applicable Statutes, Ordinances and Common Law Relied Upon |
|---|---|

| | |
|---|---|
| Defendant breached the terms of Plaintiffs' homeowner policy through its denial of benefits claimed by Plaintiffs. Seeking Policy benefits and loss of policy benefits. | 23 O.S. §21 |
| Defendant violated its duty of good faith and fair dealing to Plaintiffs through its investigation, handling or denial of Plaintiffs' claim. Seeking all incidental and consequential damages, including damages for mental anguish, frustration and embarrassment to Plaintiffs. | *Christian v. American Home Assurance Co.*, 577 P. 2d 899, 1977 OK 141, 23 O.S. §61 |
| Punitive damages. | 23 O.S. §9.1 |

B.   <u>Defendant</u>

| **Damages** | **Applicable Statutes, Ordinances and Common Law Relied Upon** |
|---|---|
| The loss complained of by Plaintiffs was caused, at least in part, by an excluded cause of loss under the CSAA policy. Thus, CSAA did not breach its contract with Plaintiffs by refusing to pay the full amount of the benefits demanded by Plaintiffs. | |
| CSAA's investigation, handling, and evaluation of Plaintiffs' property damage claim was reasonable, thus barring Plaintiffs' bad faith claim. | |
| A legitimate dispute exists with respect to the cause of the damage to and/or condition of Plaintiffs' roof, as well as the amount of loss, thus barring Plaintiffs' bad faith claim. | |
| Plaintiffs have failed to mitigate their property damage. | |

| Damages | Applicable Statutes, Ordinances and Common Law Relied Upon |
|---|---|
| Plaintiffs have failed to demonstrate that a more thorough investigation by Defendant would have produced a different outcome, one more favorable to the Plaintiffs; accordingly, Plaintiffs' bad faith theory based on an alleged inadequate investigation necessarily fails.<br><br>Plaintiffs object that this contention was not pled or otherwise asserted until now, right before trial, and well after the discovery deadline. | |
| The condition of, or damage to, Plaintiffs' roof was caused, at least in part, by an excluded cause of loss under the policy. Accordingly, as long as any part of the loss was caused by an excluded cause of loss, regardless of the amount, degree, or percentage of the excluded cause of loss, no contract benefits are owed.<br><br>Plaintiffs object that this contention was not pled or otherwise asserted until now, right before trial, and well after the discovery deadline. | |

**6.** **EXHIBITS**. The following exclusionary language **MUST** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A. <u>Plaintiffs</u>:

Attached as Exhibit 1 is the Joint Exhibit List for this trial.
Attached as Exhibit 2 is the Plaintiffs' Exhibit List for this trial.

B. <u>Defendant</u>:

Attached as Exhibit 1 is the Joint Exhibit List for this trial.

5

Attached as Exhibit 2 is the Plaintiffs' Exhibit List for this trial.

(Premarked for trial and exchanged as required under LCvR 39.4(a))

**7.** **WITNESSES**:  The following exclusionary language **MUST** be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

    A.    <u>Plaintiffs</u>:

| No. | Name and Address | Testimony |
|---|---|---|
| 1. | Russ Godfrey<br>c/o Mansell Engel & Cole<br>204 N Robinson Avenue, 21st Floor<br>Oklahoma City, OK 73102 | Deposed; purchase of insurance; ice damage to roof, interior leaks, cost of repair, denial of claim, unreasonableness of denial and underpayment, representations of Defendant's adjusters. |
| 2. | Natalie Godfrey<br>c/o Mansell Engel & Cole<br>204 N Robinson Avenue, 21st Floor<br>Oklahoma City, OK 73102 | Deposed; purchase of insurance; ice damage to roof, interior leaks, cost of repair, denial of claim, unreasonableness of denial and underpayment, representations of Defendant's adjusters. |
| 3. | Sayde Brooks, Claims Adjuster *<br>c/o Jerry Pignato<br>400 N Walnut Avenue<br>Oklahoma City, OK 73104 | Deposed; Inspections and estimates performed at Defendant's request; guidelines, rules and restrictions applicable to work performed at Defendant's request; revenue sought or received from work performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |

| No. | Name and Address | Testimony |
|---|---|---|
| 4. | Mark Costello, Claims Adjuster *<br>c/o Jerry Pignato<br>400 N Walnut Avenue<br>Oklahoma City, OK 73104 | Deposed; Inspections and estimates performed at Defendant's request; guidelines, rules and restrictions applicable to work performed at Defendant's request; revenue sought or received from work performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |
| 5. | Alana Hare, Claims Adjuster *<br>c/o Jerry Pignato<br>400 N Walnut Avenue<br>Oklahoma City, OK 73104 | Deposed; Inspections and estimates performed at Defendant's request; guidelines, rules and restrictions applicable to work performed at Defendant's request; revenue sought or received from work performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |
| 6. | Michael White, Adjuster<br>US Adjusting Services<br>4090 S. Regent<br>Wichita Falls, TX 76308 | Inspections and estimates performed at Defendant's request; guidelines, rules and restrictions applicable to work performed at Defendant's request; revenue sought or received from work performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |
| 7. | Allen Lippoldt<br>Ultimate Roofing and Construction<br>4321 SE 33rd Street<br>Oklahoma City, OK 73115 | Deposed; Observations of damage on roof, cost of repairs, conversations with adjusters and Plaintiffs. |

| No. | Name and Address | Testimony |
|---|---|---|
| 8. | Sean Wiley<br>JW Construction Management<br>237 NW 60th, Suite A<br>Oklahoma City, OK 73118 | Issues and opinions referenced in report produced on October 21, 2019 per Scheduling Order [Doc. 15]. Expert witness construction costs. |
| 9. | Witness needed for rebuttal of issues or evidence introduced by Defendant ** | |
| 10. | Witnesses identified by Defendant to whom Plaintiffs do not object ** | |

**\*  - CSAA's counsel does not agree to accept a trial subpoena for this witness.**

**\*\* - CSAA objects to any unidentified witnesses.**

    B.    <u>Defendant</u>:

| No. | Name and Address | Testimony |
|---|---|---|
| 1. | Russ Godfrey<br>c/o Mansell Engel & Cole<br>204 N Robinson Avenue, 21st Floor<br>Oklahoma City, OK 73102 | Deposed; all relevant issues; insurance policies issued on subject property; investigation and handling of subject claims; prior claims and lawsuits. |
| 2. | Natalie Godfrey<br>c/o Mansell Engel & Cole<br>204 N Robinson Avenue, 21st Floor<br>Oklahoma City, OK 73102 | Deposed; all relevant issues; insurance policies issued on subject property; investigation and handling of subject claims. |
| 3. | Sayde Brooks, Claims Adjuster<br>CSAA Fire & Casualty Insurance Co.<br>3100 Quail Springs Parkway<br>Oklahoma City, Oklahoma 73134 | Deposed; investigation and handling of Plaintiffs' claim. |
| 4. | Mark Costello, Claims Adjuster<br>CSAA Fire & Casualty Insurance Co.<br>3312 West Charleston Boulevard<br>Las Vegas, Nevada 89102 | Deposed; investigation and handling of Plaintiffs' claim. |
| 5. | Alana Hare, Claims Adjuster<br>CSAA Fire & Casualty Insurance Co.<br>3100 Quail Springs Parkway<br>Oklahoma City, Oklahoma 73134 | Deposed; investigation and handling of Plaintiffs' claim; CSAA's claim handling policies and procedures. |

| No. | Name and Address | Testimony |
|---|---|---|
| 6. | Michael White, Independent Adjuster<br>US Adjusting Services<br>4090 South Regent<br>Wichita Falls, Texas 76308 | Inspections and estimates performed; method of compensation; discussion of what an independent adjuster does. |

**8.   ESTIMATED TRIAL TIME**:

   A.   Plaintiffs' Case:   3 days

   B.   Defendant's Case:   ½ - 1 day

**9.   BIFURCATION REQUESTED**:   Yes _____   No   X

**10.   POSSIBILITY OF SETTLEMENT**:   Good _____   Fair _____   Poor   X

All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

By:   *s/Keith F. Givens*
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Keith F. Givens, OBA #16501
**MANSELL ENGEL & COLE**
204 North Robinson Avenue, 21st Floor
Oklahoma City, OK 73102-7001
T: (405) 232-4100 ** F: (405) 232-4140
Email: smansell@meclaw.net
   mengel@meclaw.net
   kgivens@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**

*s/Gerard F. Pignato*
Gerard F. Pignato, OBA #11473
Bruce A. Robertson, OBA #13113
Matthew C. Kane, OBA #19502

9

        Susan F. Kane, OBA #19455
**RYAN WHALEY COLDIRON**
   **JANTZEN PETERS & WEBBER PLLC**
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
Telephone:   405-239-6040
Facsimile:    405-239-6766
Email: jerry@ryanwhaley.com
       brobertson@ryanwhaley.com
       mkane@ryanwhaley.com
       susanfkane@gmail.com

**ATTORNEYS FOR DEFENDANT**

10