IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSS GODFREY, and NATALIE GODFREY,<br><br>        Plaintiffs,<br><br>v.<br><br>CSAA FIRE & CASUALTY INSURANCE COMPANY,<br><br>        Defendant. | Case No: 5:19-cv-329 JD |

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S FIRST REQUESTED
SUPPLEMENTAL JURY INSTRUCTION NO. 1**

On May 27, 2020, Defendant, CSAA Fire & Casualty Insurance Company, filed its First Requested Supplemental Jury Instruction No. 1 [Doc. 122] pursuant to leave granted by the Court on May 26, 2020 [Doc. 121]. In accordance with the same Order [Doc. 121], Plaintiff submits the following objections to Defendant's Supplemental Instruction No.1 ("Defendant's Instruction").

This is a breach of contract and bad faith case arising from Defendant's denial of insurance policy benefits owed for storm damage sustained by Plaintiffs' home. The parties are currently scheduled for a status conference with the Court on July 10, 2020 (via telephone conference) to discuss potential trial dates.

Through its latest proposed Instruction [Doc. 122], Defendant asks the Court to instruct the jury as follows:

> An insurance company's lack of a <u>written</u> claim manual or <u>written</u> training materials is not in violation of Oklahoma law. Oklahoma law does not require that claim handling standards adopted be in writing or be in a formal claim manual.

Plaintiffs object to Defendant's Instruction on various grounds.

First, the sole premise of Defendant's Instruction (absence of written claim manuals or training materials) is factually erroneous. In response to Plaintiffs' discovery requests in this case, Defendant produced over 400 pages of written claim handling guidelines and training materials as CSAA_Godfrey 1680- 2092. In another case pending before this Court (CV-19-739-R) which involved the same types of insurance claim and policy, Defendant produced another 2,000 pages of written claim handling guidelines and training materials.[1] All of these documents fall within the scope of Defendant's Instruction which attempts to portray that Defendant has no such documents. For this reason alone, Defendant's Instruction should be rejected.

Second, Defendant's Instruction has not been approved for use by the Oklahoma Supreme Court. OUJI (3d) CIV. No. 22.2 addresses the circumstances under which an insurer may be held liable for breach of the duty of good faith and fair dealing. Under OUJI 22.2, Defendant's conduct must have been *unreasonable* under the circumstances present when it was asked to pay Plaintiffs' insurance claim. Whether Defendant acted unreasonably rests upon all of the facts and circumstances that existed during the relevant time period including Defendant's own claim handling guidelines and any industry standards reflected in such guidelines. Thus, Defendant cannot use the proposed instruction to prevent the jury from considering evidence the Court deemed admissible under the

---

[1] Plaintiffs cannot describe such documents with any more detail since they were produced as proprietary and confidential under a Protective Order.

Federal Rules of Evidence. Rather, the instructions approved for use by the Oklahoma Supreme Court are satisfactory and should be utilized at the trial of this case.

Third, the authorities cited within Defendant's Instruction do not support its position. The statutes identified by Defendant, 36 O.S. §§ 1250.3 and 1250.5(3), define conduct that constitutes unfair claim settlement practices. However, neither statute represents a list of the only acts or omissions that can ever be deemed bad faith in civil litigation. *Id*. Likewise, neither trial court order cited by Defendant[2] included a ruling that an insurer's lack of statutorily mandated claim handling standards can never be a component of a violation of Oklahoma's common law duty of good faith and fair dealing.[3] Instead, those cases involved summary judgment evaluations controlled by facts and allegations that are totally distinguishable from those underlying the present case.

As stated above, the jury will decide if Defendant committed "bad faith" based upon evidence proving or rebutting that its acts and omissions were *unreasonable* under the circumstances that existed when it denied Plaintiffs' insurance claim. Thus, it is axiomatic that Defendant's own knowledge and training on how its insureds' claims should be handled will be relevant and important to the jury's resolution of Plaintiffs' bad faith allegations.

---

[2] *Flores v. Monumental Life Ins. Co.*, 2009 WL 1138050 (W.D. Okla.); *Hance v. Triton Ins. Co.*, 2007 WL 30281 (E.D. Okla.).

[3] Oklahoma law unquestionably requires insurance carriers to "adopt and implement reasonable standards for prompt investigations of claims arising under [their] insurance policies or insurance contracts." 36 O.S. § 1250.5(3). The fact that Defendant produced over 400 pages of written claim handling standards proves its awareness of this mandate.

Fourth, other authorities are wholly contrary to Defendant's position. A jury's consideration of claim handling and training materials for the resolution of bad faith allegations was upheld in *Vining on Behalf of Vining v. Enterprise Financial Group, Inc.*, 148 F.3d 1206, 1213, 1218-19 (10th Cir. 1998) as probative to demonstrate a "pervasive, consistent pattern of abuse" by the insurance company. In *Massey v. Farmers Ins. Grp.*, 986 F.2d 1428, 1993 WL 34770 (10th Cir. 1993) (unpublished), the Tenth Circuit affirmed a $4,375,000 verdict against Farmers in a bad faith case, noting in part that Farmers violated its own claims manual in the handling of the claim. "Whether Defendant complied with its own internal policy was a disputed issue for the jury's resolution." 1993 WL 34770 at *6, fn 3. Claim handling guidelines were also admitted as relevant evidence in *Buzzard v. Farmers Ins. Co., Inc.*, 1991 OK 127, 824 P.2d 1105, 1115, where the Court stated "Farmers repeatedly refused to pay the claim, stating that it was standard procedure to await settlement by the tortfeasor. However, the employment and procedures manual distributed by Farmers to its adjusters stated the opposite, that settlement by Farmers was not to be delayed pending the settlement with the tortfeasor." In *Phillips v. Hanover Ins. Co.*, 2015 WL 1781873, at *5 (W.D. Okla. Apr. 20, 2015), the Court ordered production of the insurer's claim manual, stating that "[t]he claims manual is relevant to whether this particular claim was handled in accordance with Defendant's policy, and it could reveal Defendant's guidelines for interpreting policy language generally, or the vacancy provision in particular." More recently, in *Shotts v. GEICO Gen. Ins. Co.*, 2018 WL 4832625, at *4 (W.D. Okla. July 12, 2018), the Court denied a Motion in Limine filed by Defendant, noting "[t]he Court generally agrees with Plaintiff that a claims-handling manual may have

relevance to whether the insurer acted in bad faith when handling a particular claim." Cases from other jurisdictions are also in accord.[4] Accordingly, contrary to Defendant's assertion, an insurer's claim handling documents (or the lack thereof) can be considered in a jury's adjudication of bad faith allegations.

---

[4] *See*, *e.g.*, *Maxwell v. Aetna Life Ins. Co.*, 693 P.2d 348, 357 (Ariz. Ct. App. 1984) (concluding that portion of insurer's claims manual demonstrating insurer's knowledge of factors that could cause emotional distress was relevant to insured's intentional infliction of emotional distress claim); *Smith v. General Accident Insurance Co.*, 697 N.E.2d 168, 172 (N.Y. 1998) (observing that an insurer's failure to follow its own standards when handling a claim "is relevant to resolution of the bad faith issue."); *Moore v. Am. United Life Ins. Co.*, 150 Cal. App. 3d 610, 620 fn. 3, 197 Cal. Rptr. 878, 884, fn. 3 (Ct. App. 1984) (affirming bad faith judgment arising out of denial of Plaintiff's disability claim and discussing contents of claims manual, which reflected defendant's knowledge that attending physicians had widely differing views of "total disability"). *See also*, *Bonenberger v. Nationwide Mut. Ins. Co.*, 2002 PA Super 14, ¶ 9, 791 A.2d 378, 381–82 (2002), stating:

> We also find the court properly considered the contents of Nationwide's Pennsylvania Best Claims Practice Manual. The court found that the manual was in existence since 1993 and was used by Nationwide's employees as their primary guide in evaluating, valuing and negotiating claims. The court further found that the employees involved in this particular matter utilized the procedures and guidelines of the manual. The court cited portions of the manual which set forth the company's philosophy, which was to reduce the average claim payment to a level first consistent with then lower than major competitors, and to be a "defense -minded" carrier in the minds of the legal community. The court references the manual statements, which called for "aggressive use of IME's," attempts at catching claimants "off guard," and assigning cases to defense counsel who fully follow the adjuster's orders and who refrain from exercising independent judgment. Finding of Fact 56. We agree with the trial court that this philosophy does not encourage reasonable case-by-case evaluation. **The manual was relevant evidence and offers support for the court's ultimate finding of bad faith**. (emphasis added).

Pursuant to the grounds and authorities discussed above, Plaintiffs respectfully request an Order rejecting Defendant's First Requested Supplemental Jury Instruction No. 1 [Doc. 122].

          **MANSELL ENGEL & COLE**

By:   s/ Keith F. Givens
      Steven S. Mansell, OBA #10584
      Mark A. Engel, OBA #10796
      Keith F. Givens, OBA #16501
      204 North Robinson Avenue, 21st Floor
      Oklahoma City, OK 73102-7001
      T: (405) 232-4100 ** F: (405) 232-4140
      E-mail:  kgivens@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Gerard F. Pignato (jerry@ryanwhaley.com)
Bruce A. Robertson (brobertson@ryanwhaley.com)
Matthew C. Kane (mkane@ryanwhaley.com)
Susan F. Kane (susanfkane@gmail.com)

**ATTORNEYS FOR DEFENDANT,
CSAA FIRE AND CASUALTY INSURANCE**

s/Keith F. Givens