# **CHAMBERS MINUTE SHEET**

DATE  January 8, 2021

CIVIL NO. <u>CIV-19-00329–JD</u>

<u>Russ Godfrey, et al.</u>                              -v-  <u>CSAA Fire & Casualty Insurance Co.</u>

COMMENCED  <u>11:30 a.m.</u>       ENDED  <u>11:50 a.m.</u>        TOTAL TIME  <u>20 mins.</u>

PROCEEDINGS  <u>Telephonic Status Conference</u>

JUDGE <u>JODI W. DISHMAN</u>       DEPUTY <u>NYSSA VASQUEZ</u>       REPORTER  <u>N/A</u>

PLFS COUNSEL  <u>Mark A. Engel, Esq. and Keith F. Givens, Esq. (Telephonically)</u>

DFTS COUNSEL  <u>Gerard F. Pignato, Esq. and Matthew C. Kane, Esq. (Telephonically)</u>

<u>Counsel appear telephonically as noted above. The Court discusses the current trial date of March 9, 2021. The Court further discusses the COVID-19 pandemic and General Order 21-1 filed on January 5, 2021, which continued criminal and civil jury trials scheduled for February 2021 to be reset by the presiding judge. Given the backlog of criminal cases, the Court seeks counsel's input on continuing trial in this case to the August 2021 jury trial docket. Counsel for Plaintiffs do not object to the Court continuing this case to the August 2021 trial docket. Counsel for Defendant understands safety considerations and bumping the trial date but expresses some concern related to potential prejudgment interest accruing (without conceding issue of prejudgment interest or that statute applies). Counsel for both parties have other cases currently set on the August 2021 jury trial docket: Counsel for Plaintiffs are involved in a Western District of Oklahoma case (5:20-cv-00068-F; Adams v. Central States Health & Life Co. of Omaha) and counsel for Defendant are involved in a Northern District of Oklahoma case (4:19-cv-00178-JED-JFJ; Alshammat, et al. v. GEICO Casualty Company) (the Court believes that this case is set on the July 2021 trial docket). After hearing from both parties, the Court CONTINUES trial in this case from the March 2021 trial docket to the August 2021 trial docket. Counsel for both parties should docket August 2021 in their calendars for trial in this case. If the Court is able to try this case earlier than August 2021, it will reach back out to the parties to discuss availability. ADR also discussed, both parties advise they are always open to settlement discussions and are open to another judicial settlement conference. Defendant's counsel advises the Court it would be interested in having their client appear by remote means because CSAA currently has a travel ban in place for its employees. The Court will take the issue of whether it sends the parties to another judicial settlement conference in advance of trial under advisement.</u>