# CHAMBERS MINUTE SHEET

CIVIL NO. <u>CIV-19-00329–JD</u>                                       DATE <u>July 7, 2021</u>

<u>Russ Godfrey, et al.</u>                           -v-  <u>CSAA Fire & Casualty Insurance Co.</u>

COMMENCED <u>2:55 p.m.</u>        ENDED <u>3:30 p.m.</u>        TOTAL TIME <u>35 mins.</u>

PROCEEDINGS <u>Status Conference</u>

JUDGE <u>JODI W. DISHMAN</u>        DEPUTY <u>NYSSA VASQUEZ</u>        REPORTER <u>N/A</u>

PLFS COUNSEL <u>Keith F. Givens, Esq. (in person) and Mark A. Engel, Esq. (telephonic)</u>

DFTS COUNSEL <u>Gerard F. Pignato, Esq. (in person) and Matthew C. Kane (telephonic)</u>

Counsel appear as noted above. The Court discusses the current jury trial date of Monday, August 16, 2021, starting at 9:00 a.m., as well as the pretrial conference set for Monday, August 9, 2021, at 10:00 a.m. Counsel advised of this Court's current August trial docket (to include criminal cases in the Eastern District of Oklahoma) and the need to condense this case into no more than 4 days.

Following discussion of trial witnesses the Court sets the following deadlines for both parties to advise opposing counsel and this Court as to:

1. Any issues with witnesses appearing live by **Monday, July 12, 2021**.
2. Whether Allen Lippoldt will be appearing live by **Monday, July 12, 2021**.
3. For discussion at pretrial conference, any and all foreseeable issues not already dealt with through motions in limine (e.g., admissibility of evidence, any unusual or nonpattern jury instructions, etc.) that can or must be dealt with in advance of trial to be submitted to Dishman-Orders@okwd.uscourts.gov by **August 2, 2021**.
4. Any issues with taking testimony pursuant to Fed. R. Civ. P. 43 must be fully briefed for decision by the Court by pretrial conference on August 9, 2021.
5. Any motions should be filed to allow for full briefing by **August 2, 2021**.

The Court is not encouraging or seeking additional pretrial submissions; if a party seeks to file something out of time, they must seek leave and show excusable neglect and good cause.

Voir dire briefly discussed, counsel for Plaintiffs requests permission to submit voir dire questions to address COVID-19. No objection by counsel for Defendant as to a couple of questions regarding COVID-19. The Court advises the parties it already intends to include COVID-19 questions during voir dire but that the issue can be further discussed at the pretrial conference.

ADR efforts discussed, counsel for both parties advise this Court of its previous ADR efforts. Counsel for Plaintiffs does not believe any further efforts would be fruitful. Counsel for Defendant would not be opposed to another Judicial Settlement Conference. The Court will take this issue under advisement.